**SPORTS CENTER, INC.,**
**Plaintiff–Appellant,**

v.

**BRUNSWICK MARINE,**
**Defendant–Appellee.**

No. 95–1215.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1995.

Decided Aug. 22, 1995.

---

Harry R. Hertel, Steven Howard Gibbs (argued), and Howard D. White, Hertel, White & Schilling, Eau Claire, WI, for plaintiff-appellant.

Daniel E. Conley (argued), Quarles & Brady, Milwaukee, WI, and Donald K. Schott, and Valerie L. Bailey–Rihn, Quarles & Brady, Madison, WI, for defendant-appellee.

Before ESCHBACH, KANNE and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

In this diversity action, Sports Center asks us to review two procedural decisions of the district court, the first allowing Brunswick to amend its answer, and the second denying Sports Center an opportunity to amend its complaint. Because the district court did not abuse its discretion in reaching either decision and because Sports Center was not deprived of due process when the trial court granted Brunswick's motion to amend its answer, we affirm the judgments of the district court.[1]

## I. BACKGROUND

Sports Center, Inc. ("Sports Center") alleged in its 1993 complaint that Brunswick Marine ("Brunswick") breached several agreements to sell boats and other marine equipment to Sports Center.[2] On August 15,

---

1. Sports Center included in the supplemental appendix to its reply brief a mediation brief filed by Brunswick in the case below. The mediation brief was not part of the record, and Brunswick asks us to strike it. Sports Center, in response, admits that the mediation brief is not part of the record but asks us to supplement the record so that we may use the brief in our consideration of the matters now on appeal. The mediation brief is irrelevant to the issues we decide today. We grant the motion to strike and therefore do not consider the mediation brief in resolving Sports Center's appeal. *See Ohio–Sealy Mattress Manufacturing Co. v. Sealy Inc.*, 776 F.2d 646, 649–50 n. 1 (7th Cir.1985).

2. Another plaintiff in the district court, Rice Lake Marine City, Inc., brought the first two counts in the complaint, and those claims are not part of this appeal.

1994, after considerable discovery, Brunswick moved for summary judgment based on, among other issues, the statute of frauds. Sports Center replied that Brunswick had failed to plead an affirmative defense based on the statute of frauds in its answer and thus had waived it. Sports Center also replied substantively to the statute of frauds defense, arguing alternatively that sufficient writings existed, that the transactions were exempt from the statute of frauds because all the parties were merchants, that partial performance took the transactions outside the statute of frauds, and that the defendants were estopped from asserting the statute of frauds.

On September 12, 1994, Brunswick responded to these arguments in a reply brief and also filed a separate motion to amend its answer to add a statute of frauds defense. The motion referred to Brunswick's reply brief for support, but the record does not reflect that Brunswick filed a notice of motion. Sports Center, believing that it could not file an additional brief under the Federal Rules of Civil Procedure and the district court's Local Rules, sent a letter to the court on September 13, 1994, objecting to Brunswick's motion because it came too late under the court's scheduling order requiring that all amendments to pleadings be served and filed by March 15, 1994. Sports Center explained that it would object to the motion on "a host of substantive grounds" and asked the court to advise it if any further written response was required.

Without responding to the letter, the court granted the motion to amend the answer without a hearing on October 24, 1994. Because the statute of frauds provided a complete defense to two of Sports Center's four claims, the court dismissed those claims. For the remaining claims, Sports Center would be required to prove at trial that Brunswick intended certain writings to be contracts for the sale of goods. On November 14, 1994, Sports Center attempted to counter this turn of events by filing a motion to amend the complaint to add claims for

misrepresentation. The court denied this motion on several grounds, finding it was untimely (trial was originally scheduled to begin on November 7 and had been rescheduled for November 21), it would have required additional discovery and the claims Sports Center wished to add would not have survived a motion to dismiss. After Sports Center presented its case-in-chief, the court granted Brunswick's motion for a directed verdict on the remaining counts.

Sports Center now challenges the decisions of the court allowing Brunswick to amend its answer and declining to allow Sports Center to amend its complaint. Sports Center argues that the court violated its due process rights by granting the motion to amend the answer without giving Sports Center an opportunity to respond. Sports Center also argues that the court abused its discretion in allowing Brunswick to amend the answer and not allowing Sports Center to amend its complaint.

## II.  DISCUSSION

▪ Sports Center was not deprived of its due process rights when the district court granted Brunswick's motion to amend its answer. Due process requires notice and an opportunity to be heard, and Sports Center had both of these. *See Smith v. Shettle,* 946 F.2d 1250, 1254 (7th Cir.1991). There were several ways that Sports Center could have responded to the motion, all of which would have comported with the federal and local rules.[3] First, if Sports Center truly believed that the motion had been improperly brought as part of the reply brief, it could have moved to strike the motion and any part of the brief it believed to be improper. Second, Sports Center could have moved for leave to file a sur-reply. With such a motion, Sports Center could have tendered its proposed sur-reply, attempting to convince the court of the validity of its position on the merits of the request to amend.

---

3.  At oral argument, we invited Sports Center to submit additional materials pointing out to us which particular federal and local rules prevented it from responding to the motion. Sports

Center declined to take us up on that offer. We are unable to find any federal or local rule that would have prevented Sports Center from responding to the motion.

Third, because the motion was actually filed separately from the reply brief, and only referred back to the brief, Sports Center could have responded to it the way a litigant responds to any motion—by filing a response brief. Sports Center chose none of these common litigation techniques, instead writing to the court informally with its procedural objections, and informing the court that it would like an opportunity to respond further. Neither the court nor Brunswick was required to respond to this informal communication. Sports Center, ignoring all of the options it had available for reply, cannot now be heard to complain that it was deprived of due process.

 We next consider whether the district court abused its discretion in granting the motion to amend the answer. We will reverse a trial court for abusing its discretion only if no reasonable person could agree with its decision. *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse—Wisconsin, Inc.,* 991 F.2d 1249, 1257 (7th Cir.1993). The district court properly considered any unfair surprise caused by the amendment and found that the plaintiff's ability to muster so many defenses against the amendment refuted any claim of unfair surprise. Further, Sports Center could hardly be surprised by the statute of frauds defense when the complaint alleged a breach of a contract for the sale of goods worth more than $500, and there were no written contracts. Under these circumstances, the statute of frauds defense would have been obvious no matter when Brunswick claimed it. We find no abuse of discretion here.

Nor did the court abuse its discretion in refusing to allow Sports Center to amend its complaint to add claims of misrepresentation. The motion came a week after trial was originally scheduled to commence, and a week before it actually began. As the district court noted, discovery would have had to be reopened, and the new claims would not have survived a motion to dismiss. Further, Sports Center admits that the motion was based on facts long known to it, and was in response to the prejudice allegedly caused by the belated statute of frauds defense. As we have already noted, the statute of frauds defense caused no prejudice to Sports Center because, as Judge Crabb noted, "anybody looking at this case for 15 minutes would know that the statute of frauds was an issue and would want to plead around that." Supplemental Appendix of Defendant–Appellee at 309. In light of these considerations, we find no abuse of discretion.

AFFIRMED.