In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-2814

JAMES HOSKINS,

*Plaintiff-Appellant*,

*v.*

JOHN POELSTRA, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02-C-0581—**C.N. Clevert**, *Judge*.

SUBMITTED FEBRUARY 11, 2003—DECIDED FEBRUARY 28, 2003

Before EASTERBROOK, ROVNER, and EVANS, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. According to the complaint that James Hoskins filed *pro se*, employees of Milwaukee entered his land, demolished his dog house, and ripped up his flower bed. Building Inspector Michael Pitts told Hoskins that this had been done because the dog house and flower bed were on the City's land; Hoskins believes that they were on his side of the property line and that the searches and seizures are attributable to city officials' efforts to abet a private land-acquisition scheme. Moreover, Hoskins contends, the City demolished his property 27 days after giving him 30 days to act on his

own (or, presumably, to protest to higher officials), thus violating his right to due process of law.

The complaint is well written, and Hoskins's grievance is easy to understand. At about 2H single-spaced pages, it meets the description of Fed. R. Civ. P. 8. The legal theories are well established; Hoskins is entitled to relief if he can prove what he alleges, so the complaint survives a test under Fed. R. Civ. P. 12(b)(6). Nonetheless, the district judge dismissed the complaint—and without waiting for the defendants to request this step. District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service (as Hoskins did). See *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). But when exercising discretion to review complaints, judges must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case.

The district judge's eye was caught by the complaint's allegation that John Poelstra (a private citizen) conspired with the state actors to violate Hoskins's rights. The judge wrote that "[a] complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds. . . . While Hoskins invoked the term 'conspiracy' numerous times in his complaint, allegations of a conspiracy are vague and ill-defined, and far short of meeting the requirement that a claim of conspiracy be pleaded with specificity." (Citations omitted.) The district judge then dismissed the complaint "for failure to state a claim." The order states that dismissal is without prejudice. When a court dismisses without prejudice only the *complaint*, and thus invites refiling, it is inappropriate to enter a judgment—but in this case the court did so, in the form prescribed by Fed. R. Civ. P. 58, dismiss-

ing the "case" without any suggestion that Hoskins was entitled to plead again. Understandably perplexed about what he was supposed to do next, Hoskins appealed.

An order dismissing a complaint without prejudice is not final, and thus not appealable under 28 U.S.C. §1291, because the plaintiff is free to amend his pleading and continue the litigation. See, e.g., *Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002); *Furnace v. Southern Illinois University*, 218 F.3d 666, 669 (7th Cir. 2000). But if an amendment would be unavailing, then the case is dead in the district court and may proceed to the next tier. See, e.g., *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001); *United States v. Milwaukee*, 144 F.3d 524, 528 n.7 (7th Cir. 1998). The district judge sent inconsistent signals: on the one hand his order stated that the "complaint" was dismissed "without prejudice"; on the other hand, the order stated that the dismissal was for "failure to state a claim" (which unlike a pleading gaffe usually is a terminal problem) and a Rule 58 judgment dismissing the "case" was entered in defendants' favor. It seems best to take the judgment on its own terms, see *Furnace*, 218 F.3d at 669, which means that the decision is final. Appellate jurisdiction ought to be determined mechanically, without guessing at the district judge's expectations. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988). When the district court's resolution looks both ways, the only safe route is to treat it as final: the alternative lays a trap for unwary (or even wary) litigants, who may forego appeal in reliance on the "without prejudice" language only to learn later, and to their sorrow, that the original order was appealable and the time for appellate review has lapsed. District judges can avoid problems by distinguishing consistently between dismissing a pleading and dismissing the suit; when they do both simultaneously, however, an immediate appeal is proper.

This complaint should not have been dismissed. The fundamental allegations—unreasonable searches and seizures, denial of notice and an opportunity to be heard, and an attempt to take property for private use—rely on established legal theories, which, unfortunately, the district judge did not mention when dismissing the suit. The complaint does not contain all of the facts that will be necessary to prevail, but a filing under Rule 8 is not *supposed* to do that; it should be "short and plain" and suffices if it notifies the defendant of the principal events, as this document does. Rule 8 does not require— or permit district judges to require—fact pleading. So the Supreme Court forcefully held in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). See also, e.g., *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998). Federal practice uses a notice-pleading system, not a code-pleading system. See *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992).

This goes for allegations of conspiracy too. (Conspiracy matters only with respect to Poelstra; the other defendants are state actors, and thus amenable to suit under 42 U.S.C. §1983, by virtue of their offices.) Rule 9(b) has a short list of matters (such as fraud) that must be pleaded with particularity; conspiracy is not among them. "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker*, 288 F.3d at 1007. In ruling, to the contrary, that "a claim of conspiracy [must] be pleaded with specificity", the district court relied on *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 859-60 (7th Cir. 1999). But, as we explained in *Walker*, an opinion released more than two months before the district court dismissed Hoskins's complaint, *Ryan* was exceptional because the complaint "did not so much as hint at what

role" the defendant had played in the supposed joint undertaking. *Ryan* did not demand that every plaintiff plead a meeting of minds in detail—something that may need to be inferred even after an opportunity for discovery, for conspirators rarely sign contracts (the body of law from which the phrase "meeting of the minds" comes). *Walker* added that any of our older opinions requiring more than notice of the time, scope, and parties cannot be squared with *Swierkiewicz* and conspiracy's absence from the list in Rule 9(b). See 288 F.3d at 1008.

District judges have many tools to require additional specificity: for example, Rule 12(e) permits the judge to call for a more definite statement, and still more detail may be essential when the time comes to make or oppose a motion for summary judgment. Complaints just launch the case. Hoskins's complaint served that purpose. It alleges that Poelstra set the events in motion, using his "contacts and influence within the City of Milwaukee Department of Neighborhood Services . . . to acquire properties he desires" after the Department makes life miserable for the owner. Hoskins may be unable to prove that Poelstra pulls the strings at the Department, but he is entitled to try.

REVERSED AND REMANDED

A true Copy:

      Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*
