**Quinshela BROWN, Plaintiff–Appellant,**

v.

**CHICAGO TRANSIT AUTHORITY PENSION BOARD, and Chicago Transit Authority Retirement Plan/Board, Defendants–Appellees.**

**No. 03–1079.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 31, 2003.*

Decided Jan. 12, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Quinshela Brown, pro se, Chicago, IL, for Plaintiff–Appellant.

George J. Lynch, Burke, Warren, MacKay & Serritella, Chicago, IL, for Defendants–Appellees.

Before POSNER, ILANA DIAMOND ROVNER, and EVANS, Circuit Judges.

## ORDER

Quinshela Brown has filed a number of lawsuits against her former employer, the Chicago Transit Authority, since she was discharged from her position as a bus driver in 1996. In this action, Brown alleged that the CTA and its Retirement Plan retaliated against her for these earlier suits by illegally modifying her pension at some point in 2000. The district court dismissed this action for failure to state a claim, and Brown appeals. We affirm in part and vacate and remand in part.

Brown's initial complaint, filed in December 2001, alleged that the CTA Retirement Plan had significantly reduced her expected pension benefits by pushing back her recorded seniority date and moving up her date of discharge, as reflected in a statement she received in May 2000. Brown claimed primarily that the Plan and the CTA itself intentionally modified her pension to "persecute" her for her previous lawsuits she had brought against the CTA. Later, Brown amended her complaint to clarify that she wanted to assert claims under Title VII of the Civil Rights Act of 1964 for retaliation and 42 U.S.C. § 1983 for violation of her First Amend-

ment rights. She filed a charge with the EEOC in February 2002 asserting a similar retaliation claim.

In August 2002 the district court dismissed Brown's complaint. With regard to Brown's Title VII retaliation claim, the court found that she had not filed a charge with the EEOC within 300 days of learning of the allegedly unlawful employment practice, and therefore had failed to exhaust her administrative remedies. As for Brown's First Amendment claim, the court determined that only the Retirement Plan had the power to adjust her pension, and accordingly dismissed the CTA as a defendant in this action. The court, however, invited Brown to amend her complaint within 21 days, but only against the Retirement Plan and only concerning her First Amendment claim. The court stated that Brown would have to "provide facts showing why she believes the change in her pension calculation was retaliatory and how the knowledge of her lawsuits against the Chicago Transit Authority can be imputed to the CTA Retirement Plan." Specifically, the amended complaint would have to show (1) that she had "previously filed an EEOC charge or lawsuit alleging race discrimination;" (2) facts indicating that the Retirement Plan was "aware of [her] litigation and modified her benefits as a result of that litigation;" and (3) that she had filed suit within two years of learning of the alleged retaliation.

Brown submitted a second amended complaint, which the court dismissed because she failed to meet any of the three criteria it had set in order for the suit to proceed. Brown, the court stated, "has been given multiple chances to state a cognizable claim for relief in federal court . . . . [she] has not done so and is unable to do so."

■ On appeal, Brown first challenges the district court's dismissal of her Title VII claim for failure to exhaust administrative remedies within the statutory time frame. She argues that Title VII does not impose a limitations period, and that her suit somehow relates back to sex discrimination charges that she filed with the EEOC in December 1996. However, Title VII requires that a charge be filed within 300 days of an unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1); *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707 (7th Cir.2002). Brown did not file her charge until February 2002, well beyond 300 days after she claims to have received notice of the allegedly retaliatory change in her pension in May 2000. Further, Brown's retaliation claim under Title VII cannot "relate back" to earlier sex discrimination and harassment charges that she filed because it alleges an entirely new theory of recovery. *See Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir.1998). The district court correctly dismissed this claim.

■ Brown also contests the dismissal of her First Amendment retaliation claim, which involves the same facts as her claim under Title VII but is not subject to an administrative exhaustion requirement. She argues that the district court improperly required her amended complaint to be more factually specific than is necessary under notice pleading.

It is true that the district court asked for something more than notice pleading when it directed Brown to show facts that traced the changes in her pension to her earlier lawsuits. Rule 8 of the Federal Rules of Civil Procedure "does not require—or permit district judges to require—fact pleading." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). To state a claim under the First Amendment, Brown need allege only that (1) her speech was constitutionally protected, and (2) the defendants retaliated against her

because of it. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (7th Cir.1998). *But see Davis v. Goord*, 320 F.3d 346, 352 (2d Cir.2003) (requiring plaintiffs to assert protected speech, adverse action, and a causal link); *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 366 (5th Cir.2000) (additionally requiring plaintiffs to allege an "interest in speaking [that] outweighs the employer's interest in efficiency"). In fact, we have specifically rejected the notion that a plaintiff who asserts a First Amendment claim must allege a "chronology of events from which retaliation may plausibly be inferred" in order to state a claim. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir.2002). *But see Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir.1999) (requiring plaintiff to assert chronology of events). The district court here improperly held Brown's complaint to a heightened pleading standard.

We are also troubled by the district court's insistence that Brown allege that she "previously filed an EEOC charge or lawsuit alleging race discrimination" in order to state a claim for retaliation. To begin with, the protection of the First Amendment extends to a much wider array of lawsuits than just those for racial discrimination. *See, e.g., Zorzi v. County of Putnam*, 30 F.3d 885, 896–97 (7th Cir. 1994) (suit alleging misfeasance in the running of a police department protected by First Amendment); *Lytle v. Wondrash*, 182 F.3d 1083, 1088 (9th Cir.1999) (suit criticizing the operation of educational program protected by First Amendment). More importantly, however, Brown was not required to plead any details about her prior lawsuit at all, so long as she alleged that the suit was constitutionally protected. *Kyle*, 144 F.3d at 454. The absence of detail is not a ground for dismissing a complaint where the defendant has notice of the claim against him. *See Walker*, 288 F.3d at 1007.

Of course, where a plaintiff does provide details about the form, content, and context of the prior suit, they may serve as a basis for dismissing the complaint, if they indicate that the prior suit was a purely private dispute not protected by the First Amendment. *See Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1349–50 (7th Cir.1995). In those circumstances, the plaintiff has "pleaded himself out of court." *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753–54 (7th Cir.2002). Brown's complaint references no fewer than thirteen prior lawsuits, and some of them, certainly, were garden-variety employment disputes that would not merit the protection of the First Amendment. *Lashbrook*, 65 F.3d at 1349–50 (public employee's contract dispute not protected); *see also Smith v. Fruin*, 28 F.3d 646, 651 (7th Cir.1994) (complaints about secondhand smoke in public workplace not protected). Among these prior lawsuits, however, Brown has included a sex discrimination suit, which may be protected speech. *Kokkinis v. Ivkovich*, 185 F.3d 840, 843–44 (7th Cir. 1999); *Gray v. Lacke*, 885 F.2d 399, 412–414 (7th Cir.1989). Of course, Brown's prior sex discrimination suit also might *not* have been protected speech, depending on the relief she sought and the context of her charges. *See Yatvin v. Madison Metro. Sch. Dist.*, 840 F.2d 412, 419 (7th Cir.1988); *Kokkinis*, 185 F.3d at 844 (speech regarding sex discrimination, but motivated solely by personal desire to criticize public figure, not protected). But we cannot conclude that Brown's prior sex discrimination suit was not protected by the First Amendment, because Brown has not pleaded any details about it, and she was not required to. Therefore, we believe that Brown has stated a claim.

Accordingly, we AFFIRM the judgment of the district court in dismissing Brown's Title VII claim. We VACATE its judgment as to Brown's First Amendment retaliation claim and REMAND for further proceedings consistent with this order.