# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 03-3057 & 03-3384

DENNIS J. DUBICZ, ROBERT B. MAGOLAN,
and WILLIAM MARSH,

*Plaintiffs-Appellants*,

*v.*

COMMONWEALTH EDISON COMPANY,
an Illinois corporation,

*Defendant-Appellee.*

APPEAL OF: EDWARD P. ANDERLIK,
DONAND J. ARENDARCZYK, RANDY BALES,
et al.,

*Proposed Plaintiffs.*

_____

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 7406—**Charles P. Kocoras**, *Chief Judge.*

_____

ARGUED FEBRUARY 20, 2004—DECIDED AUGUST 2, 2004

_____


Before FLAUM, *Chief Judge*, and BAUER and MANION, *Circuit
Judges.*

MANION, *Circuit Judge.* The appellants, current or retired employees of Commonwealth Edison Company ("ComEd"), appeal from a decision of the District Court for the Northern District of Illinois to deny their motion for leave to file a second amended complaint. Also at issue, however, is the jurisdiction of that court to consider the motion. For the reasons set forth below, we conclude that the district court had jurisdiction to consider the motion, but that under the unique circumstances of this case, it was an abuse of discretion to deny the appellants leave to file a second amended complaint.

I.

This case began as a *pro se* action by certain current or retired employees of ComEd. In a complaint filed with the District Court for the Northern District of Illinois, the initial plaintiffs (the "Cook Plaintiffs") alleged that ComEd discriminated against them on account of their age in relation to ComEd's pension plan (the "Plan").

The Cook Plaintiffs subsequently retained counsel and filed a first amended complaint. This complaint had six counts. In Count I, the Cook Plaintiffs alleged age discrimination and misrepresentation in relation to the Plan. In Counts II, III, and IV, individual plaintiffs raised allegations of age discrimination. In Count V the Cook Plaintiffs alleged that ComEd made material misrepresentations with respect to the Plan in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). In Count VI, the Cook Plaintiffs alleged breach of contract resulting from material misrepresentations by ComEd with regard to the Plan.

ComEd moved to dismiss the complaint in its entirety for failure to state a claim and, with respect to Count V, for

failure to plead a claim of fraud with particularity. On September 25, 2002, the district court issued a memorandum opinion explicitly dismissing Counts II, III, and IV with prejudice and Counts I, V, and VI without prejudice. Accompanying the decision was form AO4050 (the "Judgment Form"). That form, titled "Judgment In A Civil Case," signed by the clerk of the court and dated the same day as the memorandum opinion, stated that "Counts I, V, and VI of Plaintiffs' first amended complaint are dismissed without prejudice." The Judgment Form, however, also included what purported to be an entry of final judgment: "All matters in controversy having been resolved, final judgment is hereby entered in favor of the defendant and against the plaintiffs."

Eight months after the dismissal of the first amended complaint, the Cook Plaintiffs, now joined by a second group of plaintiffs (together with the Cook Plaintiffs, the "Appellants"), filed a motion for leave to file a second amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. On July 3, 2003, the district court denied the motion and also converted its earlier dismissal of Counts I, V, VI without prejudice to dismissals *with* prejudice. The district court found that the passage of eight months was an undue delay and that the eight-month delay was also prejudicial to ComEd. In a memorandum opinion accompanying its decision, the court found that "eight months is beyond the pale in light of what was required of [the Appellants]." The district court attributed the delay in filing the motion for leave to an effort by Appellants' trial counsel to add new plaintiffs: "[I]nstead of taking what should have been weeks, Plaintiffs' counsel spent eight months busily hunting up new clients." The district court also agreed with ComEd that ComEd was prejudiced because during the eight-month delay, "memories faded and documents were lost." This appeal followed.

## II.

The Appellants argue that the district court abused its discretion in denying their motion for leave to amend. Before we reach that issue, however, we must consider whether the district court had the jurisdiction to consider the motion for leave to file the second amended complaint. ComEd argued before the district court, and repeats its arguments here, that the entry by the district court of the Judgment Form accompanying the district court's September 25, 2002 decision made that decision a final judgment and thus the district court did not have jurisdiction eight months later to consider the Rule 15(a) motion. The district court rejected ComEd's jurisdictional argument and stated that "we dismissed the claims at issue without prejudice and fully intended that the Plaintiffs be given the opportunity to amend their complaint."

When there has been an entry of final judgment, a complaining party may amend a complaint pursuant to Rule 15(a) only after that party has successfully altered or amended the judgment pursuant to Rule 59(e) or the judgment has been vacated pursuant to Rule 60(b). *See Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997). The Appellants did not move to set aside or alter this judgment. Therefore, if the district court's September 25, 2002 order and the accompanying Judgment Form represented a final judgment, the district court should not have considered, and had no jurisdiction to consider, the Appellants' Rule 15(a) motion. *Paganis v. Blonstein*, 3 F.3d 1067, 1073 (7th Cir. 1993) (holding that, absent a Rule 59(e) or 60(b) motion, a district court lacks the jurisdiction to review a Rule 15(a) motion where final judgment has been entered).

Interwoven with the district court's jurisdiction to hear the Appellants' motion for leave to file the second amended complaint is this court's jurisdiction. With some exceptions

not applicable here, this court's jurisdiction is limited to the review of final decisions. 28 U.S.C. § 1291. A party seeking to appeal a final decision of a district court must file a notice of appeal with that court "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). The Appellants did not, of course, file a notice of appeal within 30 days after the district court's September 25, 2002 decision. Thus, if that decision were a final decision, any appeal would be untimely and this court would not have jurisdiction. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) (holding that the filing of a timely notice of appeal is mandatory and jurisdictional).

Despite the language in the district court's order of judgment, the district court's dismissal of the complaint was not a final judgment. With a limited exception, a dismissal without prejudice "does not qualify as an appealable final judgment because the plaintiff is free to re-file the case." *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001); *see also Furnace v. Bd. of Trustees of Southern III. Univ.*, 218 F.3d 666, 669 (7th Cir. 2000); *Principal Mutual Life Ins. v. Cincinnati TV 64 Ltd. P'Ship*, 845 F.2d 674, 676 (7th Cir. 1988) ("An order dismissing a complaint is not final because a plaintiff may file an amended complaint, resurrecting the lawsuit."). The exception to this rule arises "when it is clear from the record that the district court 'found that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make.' " *Furnace*, 218 F.3d at 670.

The September 25, 2002 dismissal of three of the Cook Plaintiffs' claims was without prejudice. This is made clear both in the district court's opinion and, more importantly, in the Judgment Form. The Judgment Form states that three of the counts "are dismissed without prejudice." A review of the record does not suggest that amendments to the

complaint would be futile. To the contrary, the district court's opinion accompanying the Judgment Form makes it clear that the first amended complaint was capable of being amended. For example, with respect to Counts V and VI, the district court concluded that the counts should be dismissed because the Cook Plaintiffs had not met the requirements of particularity for an averment of fraud required by Federal Rule of Civil Procedure 9(b). Specifically, the district court found that "there are many dates, documents, and names that need to be included in the complaint in order to meet the Rule 9(b) requirements." Requiring a party to provide more specific dates, names and certain documents suggests that the party need only provide more detail, and the record does not show that adding such detail would have been impossible.

The problem arises, of course, because immediately after the Judgment Form states that certain of the counts are dismissed without prejudice, the Judgment Form also states that the final judgment is entered in favor of ComEd. Thus, the Judgment Form appears to be inconsistent—it tells the Appellants that their claim is dismissed without prejudice (meaning the Appellants could amend their complaint) but then goes on to state that all matters at issue have been resolved and that a final judgment had been reached. The district court's labeling of its decision as final (apparently inadvertently) should not, however, be conclusive. A district court's decision is a final judgment only when the decision meets the requirements for being a final judgment. The September 25, 2002 decision was not final, regardless of the label attached to it. *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir.) (labeling a decision as a final judgment is not controlling), *cert. denied*, 124 S. Ct. 533 (2003). The district court dismissed three counts of the complaint without prejudice and, as discussed above, there is no

indication from the record at that stage that attempts to amend the complaint would have been futile. There was no final judgment.

Potentially at odds with this conclusion, however, is the decision of this court in *Hoskins v. Poelstra*, 320 F.3d 761 (7th Cir. 2003). In that case, the district court dismissed a complaint without prejudice but also entered a judgment against the plaintiff "dismissing the 'case' without any suggestion that Hoskins was entitled to plead again." *Id.* at 763. Hoskins immediately appealed the district court's decision and this court held that the decision was immediately appealable. This court noted that "[t]he district judge sent inconsistent signals." *Id.* Further, this court noted that, "[w]hen the district court's resolution looks both ways, the only safe route is to treat it as final: the alternative lays a trap for unwary (or even wary) litigants, who may forego appeal in reliance on the 'without prejudice' language only to learn later, and to their sorrow, that the original order was appealable and the time for appellate review has lapsed." *Id.* at 764.

In *Hoskins*, therefore, this court permitted a litigant to take an immediate appeal from a district court's decision dismissing a complaint without prejudice because the district court's form of judgment stated that the case (rather than only the complaint) was dismissed. At first glance, it appears, therefore, that this court should hold likewise—that the September 25, 2002 decision because it "looked both ways" was immediately appealable, and that because the Appellants failed to appeal in a timely fashion, this court has no jurisdiction to hear the appeal. Likewise, because the Appellants failed to reopen the judgment or have it vacated, the district court did not have jurisdiction to hear the Rule 15(a) motion.

*Hoskins* is not, however, wholly incompatible with our approach. First, it is not clear from that opinion what exactly the Rule 58 judgment form (as opposed to the actual decision of the district court) stated. The opinion says only that there was no suggestion Hoskins was entitled to plead again. In this case, however, there was such a suggestion; in fact, the Judgment Form quite clearly suggests that the Appellants were entitled to plead again. The Judgment Form stated that certain of the counts were dismissed without prejudice. Second, it is also not clear to what extent *Hoskins* should apply in the reverse—in other words, should this court refuse to hear an appeal (and should the district court be stripped of jurisdiction to consider a Rule 15(a) motion) because the district court inadvertently labeled its decision a final judgment but also *in the same form* stated that certain of the counts were dismissed without prejudice? As discussed above, a district court's label cannot convert an otherwise non-final judgment into a final judgment, and a litigant, relying on the explicit language of the district court's Judgment Form bolstered by its written opinion, should not bear the price for the district court's inadvertence. We therefore hold that the district court properly considered the Appellants' Rule 15(a) motion.

That is not to say the Appellants chose the wisest course. The Appellants would have been better served had their trial counsel, upon receiving the Judgment Form, taken steps to confirm the status of the case (for instance, by requesting clarification from the district court). We see no reason why trial counsel could not have done so and doing so would have likely cleared up the discrepancy well before it reached this court. We turn next to the actual decision of the district court on that motion.

A party seeking to amend a complaint after the filing of a responsive pleading must have the consent of the adverse

party or must move for leave to file the amended complaint. Fed. R. Civ. P. 15(a). Leave to file "shall be given freely when justice so requires." *Id.* Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including: " 'undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.' " *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (quoting *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)). "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.' " *Id.* at 613 (quoting *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927 (7th Cir. 1999)). This court reviews a decision of the district court to deny a motion for leave to amend for an abuse of discretion. *Id.* at 612.

The district court abused its discretion in denying the Appellants' motion for leave to amend. The primary factor in the court's decision was the eight months between the dismissal of the Cook Plaintiffs' first amended complaint and the Appellants' Rule 15(a) motion. As recited above, however, delay by itself is normally an insufficient reason to deny a motion for leave to amend. *See Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). Delay must be coupled with some other reason. Typically, that reason, as the court determined it was in this case, is prejudice to the non-moving party.

ComEd argues that it was prejudiced by the delay because memories of witnesses have faded and documents have been lost during the intervening eight months. The case for prejudice is stated, however, only in the most conclusory of terms. No particular witnesses or documents are identified

by ComEd. Further, and more importantly, this argument ignores the statute of limitations. It is undisputed that the statute of limitations had not yet run in July 2003 when the Appellants moved for leave to amend their second amended complaint. Hypothetically, therefore, assuming the Appellants had never filed their original and first amended complaints, the Appellants could have filed an original complaint in July 2003, identical in all respects to the second amended complaint (save the caption). Surely ComEd could not, in such a hypothetical (assuming a laches argument was unavailing), argue in response to an original complaint that, despite the fact that the statute of limitations had not yet run, it should be excused from defending the suit because documents in its possession may have been lost and the memories of witnesses had faded. Yet that is, in effect, what we have here.[1] The second amended complaint was a second (really, a third) bite at the apple for the Appellants. There may have been reasons why the Appellants were not entitled to this bite. But, an allegation of prejudice premised *entirely* on memory and document loss, where the motion for leave to file was made within the statute of limitations, is an insufficient reason.[2]

---

[1] It is important to emphasize that this litigation has never progressed beyond the pleadings stage. This is not the case where a plaintiff seeks to amend its complaint after the close of discovery or on the eve of trial. *See, e.g.*, *Sport Ctr., Inc. v. Brunswick Marine*, 63 F.3d 649, 652 (7th Cir. 1995); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993). In this case, the proceeding never progressed much beyond the filing of a complaint, an amended complaint, and ComEd's responses (in the form of a motion to dismiss) thereto.

[2] This is not to say, of course, that any time a plaintiff files a motion for leave to file a second amended complaint within the

(continued...)

We sympathize, however, with the frustration expressed by the district court at the delay by the Appellants' trial counsel in filing its Rule 15(a) motion. The failure of counsel diligently to follow up on the district court's invitation to refile its complaint *is* exasperating. That we do not believe dismissal of the claims was warranted in this case does not mean that trial counsel's delay was the best course of action. By waiting eight months to file a motion (without any intervening contact with the court), counsel needlessly put at risk a merits determination of his clients' claim.

ComEd also provides an alternative ground for affirming the district court. ComEd argues that the district court's decision to deny leave to amend should be sustained because the proposed second amended complaint did not correct any of the problems identified by the district court when it dismissed the first amended complaint. This argument was presented to the district court but not addressed by it when it denied the Appellants' motion for leave to amend. This court may nonetheless affirm the district court's decision to deny leave to amend on any grounds supported by the record. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995).

The Appellants' proposed amended complaint cures the defects the district court identified in Counts V and VI of the

---

[2] (...continued)
statute of limitations that such a motion must be granted. There are numerous ways in which a non-moving party may be prejudiced that do not involve allegations of memory and document loss and in no way implicate the statute of limitations. We mean to say here only that where a plaintiff moves for leave to amend its complaint prior to the running of a statute of limitations, a conclusory argument by a defendant that documents have been lost and memories have faded is generally insufficient to demonstrate prejudice.

first amended complaint. The district court dismissed these counts without prejudice because Appellants (more specifically, the Cook Plaintiffs) failed to plead claims of fraudulent misrepresentation by ComEd with the particularity required by Rule 9(b).

The gist of the Appellants' misrepresentation claims (stylized claims of fraud and breach of contract in the first amended complaint and a breach of fiduciary duty in the second amended complaint) is that ComEd misled the Appellants by promising them, in the lead-up to the renegotiation of a collective bargain agreement covering union employees of ComEd, that the retirement benefits of lower- and middle-management employees would remain identical to those provided union employees. The Appellants allege that these promises were not kept and, in fact, ComEd never had any intention of keeping these promises. The Appellants allege that they relied on these promises to make certain decisions concerning whether to retire, continue in their current job, or seek positions that were covered by the collective bargaining agreement.

As stated above, the district court determined that the first amended complaint ran afoul the particularity requirement of Rule 9(b). Specifically, the court found that the complaint was not clear that the exhibits to the complaint (copies of memoranda and e-mail that the Appellants claimed demonstrated the false promises by ComEd) were all of the alleged written misrepresentations. Further, the first amended complaint provided broad time ranges, instead of specific dates, for when misrepresentations were made to the Appellants. The district court also faulted the complaint for failing specifically to identify who, other than one person, Senior Vice President of ComEd, Gary Snodgrass, made the alleged misrepresentations. Instead, the first amended complaint referred to Snodgrass and "other managers."

Finally, the district court also noted that the exhibits do not contain "an explicit promise that union and management pensions will remain unified."

The second amended complaint corrected these defects. First, the Appellants have made it clear, as ComEd concedes, that the only misrepresentations they are alleging are those identified in the complaint. The documents containing these alleged misrepresentations are attached to the second amended complaint as exhibits and described (and quoted from) in the complaint. Second, the Appellants have identified specific dates on which these misrepresentations were made. Third, the Appellants have identified the persons responsible for making the alleged misrepresentations. The complaint identifies two primary sources of the alleged misrepresentations: Snodgrass;[3] and an e-mail account utilized by ComEd, titled "Corporate Communications Mailbox." Finally, the proposed second amended complaint identifies the particular statements the Appellants allege to be misrepresentations. Whether they were, in fact, misrepresentations, is not before us. We hold, therefore, that the proposed second amended complaint cured any defects in the first, at least insofar as the particularity requirement of Rule 9(b) is implicated. We therefore reject ComEd's alternative ground for upholding the decision of the district court.

---

[3] One of the documents at issue are talking points issued by Snodgrass to members of management known as "Town Hall Managers." These Town Hall Managers were expected (per Snodgrass' direction) to share the talking points with management employees, including the Appellants. It is, perhaps, more accurate to say, therefore, that the Town Hall Managers made the alleged misrepresentations contained in these talking points. It is clear, however, that the source of these talking points was Snodgrass and the Appellants' second amended complaint identifies both Snodgrass and the Town Hall Managers.

III.

The district court had jurisdiction to consider the Appellants' motion for leave to amend their first amended complaint. The district court, however, abused its discretion in denying the motion. Because we so decide, there is no reason to consider the Appellants' argument that the district court erred in dismissing Counts V and VI of their first amended complaint.

REVERSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*