UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted May 11, 2005*

Decided May 13, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE P. WOOD, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

No. 04-2197

AARON B. SCRUGGS,
    *Plaintiff-Appellant*,

    *v.*

ED G. BUSS and DELORES CHRISMAN,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.

No. 3:04-CV-091 AS
Allen Sharp, *Judge*.

## Order

Aaron Scruggs, who has been prohibited by the United States District Court for the Northern District of Indiana from filing new civil-rights suits until he pays the sanctions imposed for frivolous arguments made in old ones, filed the current suit in state court. It made claims under 42 U.S.C. §1983, among other sources of law, and the defendants removed it under 28 U.S.C. §1441(b) because at least some of claims arise under federal law. The district court dismissed the suit for failure to state a claim on which relief may be granted, and Scruggs appeals.

Appellees contend that the appeal must be dismissed because the judgment is not final. They observe that the district judge's opinion did not mention any of Scruggs's claims under state law and submit that an appeal must wait until they

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

have been resolved. But it is judgments, not opinions, from which appeals lie, and the *judgment* is final. It dismisses the suit, not just selected claims (or even just the complaint) and so is appealable under 28 U.S.C. §1291. See *Hoskins v. Poelstra*, 320 F.3d 761 (7th Cir. 2003). The judge's failure to resolve Scruggs's claims under state law is an error, to be sure, and potentially a reason to remand, but substantive errors do not make judgments non-final.

There is no need to remand for tidying up, however, because Scruggs does not ask for this relief. He presents a single contention—that removal was improper—and does not contend that the district court erred if indeed it possessed jurisdiction.

Scruggs makes two arguments against the presence of this case in federal court. One is that removal is impermissible because, given the eleventh amendment and principles of sovereign immunity, some of his claims could not have been included in an action filed in federal court. He relies on *Schacht v. Wisconsin Department of Corrections*, 116 F.3d 1151 (7th Cir. 1997), but fails to note that the Supreme Court disagreed and reversed. See *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381 (1998). See also *Lapides v. University of Georgia*, 535 U.S. 613 (2002). The Supreme Court's decision in *Schacht* shows that removal is authorized.

The other argument rests on the sanctions order. Scruggs contends that, if *he* is locked out of federal court, defendants must be too, because §1441 allows removal only of actions that could have been filed originally in federal court. This is not, however, quite what the statute says. It allows removal of actions within the original *jurisdiction* of federal courts. The sanction against Scruggs does not alter any court's jurisdiction; it just limits his ability to avail himself of that jurisdiction. Section 1441 gives defendants an independent entitlement to choose a federal forum, and a district court could not, by sanctioning Scruggs for misconduct, diminish his adversaries' legal rights. It may be that a federal court has the authority to limit the *prosecution* as well as the *commencement* of actions under federal law, so that Scruggs cannot evade the sanction by filing federal claims in state court and precipitating their removal. But the district judge did not dismiss this suit under its sanctions order, so we need not pursue that question. It is enough to hold that removal was permissible; no other issue has been presented on appeal.

AFFIRMED