**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 29, 2005[*]
Decided November 30, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3255

DOLORES C. PINO,
    *Plaintiff-Appellant*,

    *v.*

UNITED STATES,
    *Defendant-Appellee*.

Appeal from the United States District
Court for the Northern District of
Illinois, Eastern Division

No. 03 C 7466

Matthew F. Kennelly,
*Judge.*

**ORDER**

Dolores Pino, a resident of Morton Grove, Illinois, believes that in February 2001, while she was walking near her home, an airplane in the Chicago/O'Hare airspace created an atmospheric disturbance that caused her to suffer from severe

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

tinnitus—a ringing sensation in the ears.  She is suing the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) (FTCA), because she says employees of the Federal Aviation Administration (FAA) at O'Hare caused her injury by negligently directing a plane to fly too low over her neighborhood.  The district court granted summary judgment in favor of the United States, and Pino appeals that order as well as an order denying her leave to file a second amended complaint.  We affirm.

We review de novo whether the district court was correct that Pino failed to present evidence of a genuine issue of material fact.  *Cont'l Cas. Co. v. Nw. Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005).  To state a claim under the FTCA, Pino must show that the FAA owed her a duty and, through its breach of that duty, proximately caused her injury.  28 U.S.C. § 1346(b)(1); *Bajwa v. Metro. Life Ins. Co.*, 804 N.E.2d 519, 526 (Ill. 2004).  Pino argues that the district court erroneously failed to regard her personal affidavit as sufficient to defeat summary judgment.  In the affidavit, Pino asserts that the following is evidence of FAA negligence: a United plane flew over her making a loud noise, at the same moment she was hit by an "air pressure wave," and after this incident she experienced tinnitus.   But in this Court, Pino expressly denies that this United plane caused her injury.

Instead she argues in her brief that an unknown aircraft caused her tinnitus and that she need not identify a specific plane that caused her injuries because an air pressure wave (which arguably did injure her) had to have been generated by a negligently controlled aircraft.  While we must draw all reasonable inferences from the evidence in Pino's favor, *Cont'l Cas. Co.*, 427 F.3d at 1041, we do not think the causation sequence that Pino suggests is one that a layperson can reasonably infer based on personal experience, *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) ("although personal knowledge may include reasonable inferences, those inferences must be grounded in observation or other first-hand personal experience.  They must not be flights of fancy, hunches, intuitions, or rumors . . .") (internal citation and quotation marks omitted).  Pino has not asserted that she is an expert on the causes of air pressure waves, nor has she presented an expert witness to say that air pressure waves arise only from aircraft under negligent control.  Therefore, the district court's grant of summary judgment was correct.

Pino also argues that the district court should have allowed her to amend her complaint to include a new claim that the FAA negligently designed the flight paths around her neighborhood.  The district court found Pino's proposed amendment would be untimely, prejudicial, and futile.  These are all valid grounds for refusing leave to amend, *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004), and we agree with the district court that Pino's proposed amendment

would be futile, although for slightly different reasons than the court stated.  Pino, after having over a year to conduct discovery, failed to present any competent evidence that a plane caused her injury.  In the absence of such evidence of causation, Pino is just as unable to prove that her injury was caused by the FAA's negligent design of the airspace as she is unable to prove that it was caused by the FAA's negligent guidance of planes.

Accordingly we AFFIRM the district court's decision.