NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2013[*]
Decided February 15, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2293

| | |
|---|---|
| MARTIN PINEDA TAVAR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana. |
| | |
| *v.* | No. 1:11-cv-01720-SEB-MJD |
| | |
| JEFFREY L. SHARP, et al., | Sarah Evans Barker, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Martin Pineda Tavar appeals the denial of his post-judgment motion to amend his complaint in this suit under 42 U.S.C. § 1983 alleging constitutional violations related to his state-court conviction on drug trafficking charges. We affirm.

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2)(C).

After being convicted by a jury of two counts of dealing heroin and sentenced to concurrent terms of 50 and 20 years, Tavar sued a state detective, judge, prosecutor, and five of his own attorneys. According to Tavar, detective McHenry improperly included information on his nationality and immigration status in a probable-cause affidavit; Judge Blankenship authorized his arrest on the basis of the flawed affidavit; the prosecution unconstitutionally referred to his immigration status at trial; and his attorneys conspired with state officials to secure his conviction.

The district court dismissed Tavar's complaint at screening, see 28 U.S.C. § 1915A(b), finding that it did not include a sufficient legal claim against any of the defendants. Judge Blankenship, the court concluded, was absolutely immune from liability because she was described as acting in her judicial capacity. The prosecutor was also immune from suit, the court noted, for any actions related to his handling of the state's case. Nor could Tavar bring any § 1983 claims against his own attorneys, because they did not act under color of state law. The court also dismissed the claims against detective McHenry, explaining that the reference to Tavar's immigration status in a probable-cause affidavit did not violate any right secured by the Constitution.

Tavar attempted to file an amended complaint the same day, making only superficial changes to his original complaint. The district court rejected the amended complaint as ineffective on the ground that post-judgment amendments may be made only with leave of the court after a successful motion under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Three months later Tavar sought to amend his complaint a second time, and the court promptly denied the motion on the same basis. Because Tavar's notice of appeal was untimely as to all but the district court's denial of his second motion to amend, we limited this appeal to review of that order.

On appeal Tavar generally argues that the district court violated due process by denying his motion to amend his original complaint, despite Federal Rule of Civil Procedure 15(a)(2)'s directive that such requests be "freely granted when justice so requires." But after a final judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or 60(b), see *Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004), which Tavar did not do. Nor should the district court have construed his motion to amend as a motion under either rule. Tavar submitted his second amended complaint well outside Rule 59(e)'s 28-day deadline, and he did not explain what "exceptional circumstances" would justify the "extraordinary remedy" of relief under Rule 60(b). See *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

Tavar also maintains that the district court should have offered him an opportunity to amend his complaint before dismissal, but that argument is beyond the scope of this appeal.

AFFIRMED.