In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3099

RICHARD BELL,

*Plaintiff-Appellant,*

*v.*

CAMERON TAYLOR, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-798 — **Tanya W. Pratt**, *Judge.*

ARGUED APRIL 1, 2015 — DECIDED JUNE 29, 2015

Before WOOD, *Chief Judge*, FLAUM, *Circuit Judge*, and
KENNELLY, *District Judge*.[*]

FLAUM, *Circuit Judge*. Richard Bell sued various de-
fendants for copyright infringement, accusing each of
impermissibly displaying a photo that he owns on web-

_____

[*] The Honorable Matthew F. Kennelly, United States District Judge
for the Northern District of Illinois, sitting by designation.

sites promoting their respective businesses. Bell's com-plaint sought both damages and an injunction prohibit-ing future use of the photo. The defendants moved for summary judgment on the damages issue, arguing that Bell cannot demonstrate how they caused him financial harm and, thus, that he is not entitled to monetary recov-ery. The district court granted the motion, and Bell ap-pealed. In addition to the summary judgment ruling, Bell contests the district court's denial of two motions to com-pel and a motion seeking leave to file a fourth amended complaint.

We have no jurisdiction to decide these issues. Alt-hough the court purported to issue a "final judgment" after ruling on the defendants' summary judgment mo-tion, it did so in error; the issue of injunctive relief was never adjudicated. Because Bell's copyright claim was not entirely disposed of by the district court's summary judgment ruling, the judgment—by definition—was not final. Accordingly, an appeal in this case is premature un-til the district court resolves Bell's outstanding claims for injunctive relief.

## I. Background

Richard Bell, a lawyer and photographer, alleges that three small Indianapolis business owners (and the small businesses of two of those three defendants), violated federal copyright laws (and an Indiana theft statute) by publishing on the internet a photo that he took of the In-dianapolis skyline without his authorization. Defendant Fred O'Brien has an insurance business (co-defendant Insurance Concepts) and, for a few weeks in 2011, oper-ated a website (www.insuranceconceptsfinancial.com),

where he allegedly displayed the photo. Defendant Cameron Taylor operates a computer business (co-defendant Taylor Computer Solutions), which he advertises on the web at www.taylorcomputersolutions.com. Bell alleges that he used the photo between January 2009 and April 14, 2011. Defendant Shanna Cheatham is a real estate agent, who marketed her services at www.shannasells.com. Bell alleges that her site displayed his photo between June 2008 and June 15, 2011. Bell attached his photo to the (operative) third amended complaint, which sought both monetary damages and injunctive relief.

In August 2013, the district court set a deadline for filing motions for leave to amend the pleadings. Nevertheless, Bell sought to amend his complaint (for a fourth time) nearly eight months after the cut-off. The impetus for Bell's motion to amend was his realization that defendant Taylor had not actually used the photo at issue (a photo of Indianapolis's skyline during the daytime); rather, Taylor's website displayed a different photo belonging to Bell—one depicting Indianapolis's skyline at *night*. Although motions for leave to amend are to be granted liberally, the district court denied Bell's motion, citing undue delay and his own carelessness as grounds for the ruling.

On May 2, 2014, the defendants filed a motion for summary judgment. In it, they argued that defendant Taylor was entitled to summary judgment, because she never displayed the photo about which Bell complained. And, as to all defendants, they argued that Bell was not entitled to damages; "even in the event [Bell] is able to

establish ownership of the photo in question … he is not entitled to economic damages based upon applicable law and the facts of this case," they contended. The defendants moved to dismiss the state law claim on preemption grounds.

The district court concluded that, although Bell had established ownership of the photo, he was not entitled to damages. In the court's view, Bell failed to demonstrate that the defendants profited from their misuse of his photo. And, though the court agreed that Bell was entitled to damages equal to the photo's fair market value, it deemed his affidavit representing its value ($200) as insufficient proof. It also agreed that Bell's state claims were preempted, and so it granted the defendants' summary judgment motion in full.

In doing so, the court also denied an outstanding motion to compel that Bell had filed earlier in the case. In that motion, Bell sought spreadsheets that defendant Cheatham's expert had used in the creation of a table she made displaying the web traffic that Cheatham's site received before, during, and after the period in which she displayed Bell's photo. Earlier in the proceedings, the district court also had denied Bell's request for tax returns from each defendant for every year from 2000 to 2011, which Bell hoped would show that the defendants' profits increased during the periods in which their websites displayed Bell's photo.

On the day the court ruled on the defendants' summary judgment motion, it also entered what was labeled "Final Judgment," purporting to dispose of the case in the defendants' favor. Bell then appealed, arguing that

the district court made a multitude of errors. First, he charges the district judge with improperly denying his two motions to compel, unfairly impeding his ability to prove an entitlement to monetary damages. Second, Bell contends that, even setting aside the court's discovery ruling, it erroneously granted summary judgment in favor of the defendants on the damages issue. Third, he claims that the district court improperly denied his motion for leave to amend his complaint for the fourth time in order to correct his photo identification error with respect to Taylor. Finally, Bell asserts that the court inappropriately entered final judgment in this case, as the defendants' summary judgment motion (and the court's ruling on it) only pertained to Bell's claim to monetary relief; Bell's request for an injunction was never addressed.

## II. Discussion

We begin, and end, with the issue of appellate jurisdiction, because—as it turns out—we have none here. Having reviewed the defendants' summary judgment motion and the district court's opinion, Bell is correct: the court did not resolve his claims for injunctive relief. As such, the district court's ruling was not final, and Bell's appeal is premature.

In their motion for summary judgment, the defendants made clear that they were moving for judgment only as to the issue of damages. Indeed, they captioned their brief in support of their summary judgment motion as a "Motion for Partial Summary Judgment as to Damages and Preemption." And the district court acknowledged

as much in its opinion, noting that the "Defendants … rest their motion for summary judgment on the premise that Mr. Bell cannot establish actual damages or indirect profits." *Bell v. Taylor*, No. 13-cv-798, 2014 WL 4250110, at *4 (S.D. Ind. Aug. 26, 2014). For that reason, the district court's opinion did not decide whether Bell's claims warrant injunctive relief. *See id.* at *4–5 (rejecting plaintiff's damages theories).

Yet Bell sought both damages and an injunction against the defendants. So, despite the court's ruling, Bell's copyright claim was still alive. Indeed, "[t]he existence of damages suffered is not an essential element of a claim for copyright infringement." *Davis v. The Gap, Inc.*, 246 F.3d 152, 158 (2d Cir. 2001) (vacating a grant of summary judgment for defendants on a copyright claim, where the district court neglected to resolve plaintiff's request for declaratory relief). The case, therefore, was not over. The judge, however, seemed to overlook that Bell's complaint also requested injunctive relief, and so—the same day she issued her decision on the defendants' motion for summary judgment—she also entered what purported to constitute a final judgment in the case. It read: "Having this day granted summary judgment in favor of Defendants, the Court hereby enters JUDGMENT in favor of Defendants and against the Plaintiff. Plaintiff shall take nothing by way of his complaint." This was done in error, because every issue had not been resolved.

Bell declined to bring the error to Judge Pratt's attention. Federal Rule of Civil Procedure 60(a) provides: "The court may correct a clerical mistake or a mistake arising

from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." And Rule 60(b) makes clear that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … (6) any other reason that justifies relief." Rule 59(e) permits "motion[s] to alter or amend a judgment," requiring that such a motion be filed within 28 days of the judgment's entry. Because the district judge mistakenly believed that she had entered a proper final judgment, it seems that a motion brought under any of these rules would have sufficed to alert her that Bell's claims had not been resolved in full, and thus that the final judgment had been entered erroneously. Yet Bell filed no motion.

Instead, Bell sought appellate review, filing a notice of appeal, and asking us to review (as detailed above) various rulings made by the district judge. However, 28 U.S.C. § 1291 grants us "jurisdiction of appeals from all final decisions of the district courts of the United States." And a decision is not final "unless it ends the litigation on the merits." *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999). In other words, "[a] district court's decision is final when only ministerial details remain." *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001). That clearly is not the case here, as the issue of injunctive relief remains undecided.

Moreover, the order entered by the district court purporting to be a "final judgment" is of no consequence. As

we have said, "a district court's label cannot convert an otherwise non-final judgment into a final judgment." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). "A district court's decision is a final judgment only when the decision meets the requirements for being a final judgment." *Id.* at 791. Here, those requirements were not met. Accordingly, we have no jurisdiction to decide the issues presented by Bell in this appeal.[1]

### III. Conclusion

For the foregoing reasons, we DISMISS this appeal for lack of jurisdiction and REMAND to the district court for resolution of the outstanding issues identified in this opinion.

---

[1] The defendants argue that "in the event [we] affirm[] the district court's summary judgment ruling, the issue of declaratory relief becomes moot," because the photos have been removed from their respective websites. Setting aside the defendants' overly simplistic view of mootness, s*ee e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (discussing the "stringent" test for proving mootness in the face of voluntary cessation), we need not—in fact, we cannot—address the merits of that position in the absence of a final judgment.