**Rahim BEHNIA, M.D., Ph.D., Plaintiff,**

v.

**Barry SHAPIRO, M.C., Scott Green, M.D., Northwestern Medical Faculty Foundation, Defendants.**

No. 96 C 7646.

United States District Court,
N.D. Illinois,
Eastern Division.

April 28, 1997.

---

Charles J. Barnhill, Miner, Barnhill & Galland, P.C., Madison, WI, for Rahim Behnia, M.D.Ph.D.

William George Miossi, Peter F. Donati, Winston & Strawn, Chicago, for Barry Shapiro, M.D., Scott Greene, M.D., Northwestern Medical Faculty Foundation.

Frederic J. Artwick, Patrick Scott Casey, Sonja L. Lengnick, Sidley & Austin, Chicago, Stephanie Mills Graham, Northwestern University, Evanston, for Harry Beaty, M.D., Northwestern University.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are defendant Harry Beaty's motion to dismiss Count I and defendant Northwestern University's motion to dismiss Count III of plaintiff Rahim Behnia's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons that follow, the court grants both defendants' motions.

## I. BACKGROUND

Plaintiff Rahim Behnia filed a three-count complaint against defendants Barry Shapiro, M.D., Scott Greene, M.D., Harry Beaty, M.D., Northwestern University, Northwestern University Medical School[1], and the Northwestern Medical Faculty Foundation. Count I, directed against all six defendants, alleges ancestry discrimination in violation of section 1981 of the Civil Rights Act of 1870 ("section 1981"), 42 U.S.C. § 1981. Count II, directed against Northwestern University, Northwestern University Medical School, and Northwestern Medical Faculty Foundation, alleges national origin discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Count III, also directed against Northwestern University, Northwestern University Medical School, and Northwestern Medical Faculty Foundation, alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634.

The following background is drawn from Behnia's complaint, and is taken as true for purposes of these motions. Since 1973, Behnia has been employed as a faculty member in the department of anesthesiology at Northwestern University Medical School. Behnia, age 59 and of Iranian ancestry, has both an M.D. and a Ph.D. in physiology, and is one of only two practicing M.D., Ph.D.s in the department. He received tenure in September 1979, and has consistently received leadership positions and salary increases based on his performance at the medical school.

Shapiro, Greene, and Beaty all hold supervisory capacities over Behnia. Shapiro is chair of the department of anesthesiology at the medical school, while Greene is associate chair of the department. Beaty is dean of the medical school and chair of the board of directors of the Northwestern Medical Faculty Foundation (NMFF). NMFF, a not-for-profit entity composed of a majority of physicians at Northwestern Memorial Hospital, collects the income of its member physicians and distributes this income as salary to the physicians.

Behnia alleges that Shapiro and Greene dislike him because of his Iranian ancestry, and discriminate against him based upon his ancestry and his age. He also alleges that Shapiro made salary and incentive pay recommendations to the NMFF for the fiscal year 1997 based upon his personal friendships, rather than upon merit. According to Behnia, Shapiro, in an attempt to ensure that Behnia did not receive the highest salary under the salary schedule, refused to promote Behnia to any leadership position, even though Behnia is one of the most qualified persons in the department. Behnia claims that, although he is one of the most senior members of the faculty, his salary is lower than that of even the most junior faculty members. Behnia also alleges that Shapiro has consistently treated him in a degrading manner, and has incorrectly described his competence and performance.

As a result of these actions, allegedly taken on the basis of ancestry, national origin, and age, Behnia has suffered public humiliation, been denied incentive payments, experienced a reduction in salary, and been denied any leadership position within the anesthesiology department. Additionally, Behnia and his family have suffered mental anguish, pain, and suffering as a result of this intentional discrimination.

Defendant Beaty now moves to dismiss Count I of Behnia's complaint for failure to allege that Beaty was personally involved in any discriminatory actions against Behnia.

---

1. On January 9, 1997, Northwestern University Medical School was dismissed as non-suable entity.

Defendant Northwestern University moves to dismiss Count III of Behnia's complaint for failure to allege facts sufficient to demonstrate that Northwestern University engaged in any direct or indirect age discrimination against Behnia. Northwestern University claims that dismissal is warranted due to Behnia's failure to allege adverse employment action on the part of Northwestern University itself and to demonstrate that younger individuals were treated more favorably than himself.

## II. DISCUSSION

### A. Standard for deciding a Rule 12(b)(6) motion to dismiss

██ In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all the factual allegations in the complaint, as well as all the reasonable inferences drawn therefrom. *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996); *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All ambiguities are resolved in favor of the plaintiff. *Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir.1992). Although a plaintiff does not need to lay out in detail the facts upon which his claim is based, he must at least allege sufficient facts to establish a cause of action. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985). If it appears that, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court should dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987).

### B. Failure to state a claim under Section 1981

Section 1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Additionally, section 1981(b) clarifies the meaning of the phrase "make and enforce contracts" in subsection (a) to include the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

██ Individual liability under section 1981 can be found only where the individual himself has participated in the alleged discrimination against the plaintiff. *Daulo v. Commonwealth Edison,* 892 F.Supp. 1088, 1091 (N.D.Ill.1995); *see also Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir.1985) (to recover damages under section 1981, a plaintiff always must prove that the defendant intentionally discriminated against him): *Johnson v. Resources for Human Development, Inc.,* 843 F.Supp. 974, 978 (E.D.Pa. 1994) (individual liability under section 1981 can be found only where there is an "affirmative link" to connect the actor with the discriminatory action). In order to state a claim under section 1981 against the defendant in his individual capacity, the plaintiff must sufficiently allege that the defendant himself possessed an "intent to discriminate on the basis of race." *Allen v. City, of Chicago,* 828 F.Supp. 543, 562 (N.D.Ill.1993) (citing *Firefighters Local Union No. 1784 v. Stotts,* 467 U.S. 561, 583 n. 16, 104 S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984); *Watson v. Pathway Financial,* 702 F.Supp. 186, 187 (N.D.Ill.1988)).

██ Behnia's complaint is devoid of any allegations that Beaty participated himself in any acts of discrimination against Behnia. Behnia alleges in his complaint that it was Shapiro and Greene who discriminated against him on the basis of his Iranian ancestry. (Compl. ¶¶ 11, 13–14). Behnia alleges that Greene once referred to him as "that

worthless, son-of-a-bitch Arab." (Compl.¶ 11). Behnia also alleges that Shapiro and Greene denied him substantial incentive payments and salary increases, and refused to appoint him to a leadership position in the anesthesiology department. (Compl.¶¶ 13–14).

The sole allegation in the complaint connecting Beaty to the alleged discrimination is that Behnia "notified" Beaty of Shapiro and Greene's actions, and that Beaty failed to take any remedial action in response to this notification. (Compl.¶ 17). This knowledge alone does not equate to an allegation that Beaty himself participated in the illegal acts. *See Daulo,* 892 F.Supp. at 1091–92. For example, in *Daulo,* this court held that the plaintiff, by alleging that he notified the defendant of discrimination against plaintiff through letters informing the defendant of the treatment plaintiff was receiving on the job, failed to state a section 1981 claim against the defendant in his individual capacity. *Id.* The court held that these allegations were insufficient to show any personal participation by the defendant in the discrimination. *Id.* at 1092.

Beaty, in his capacity as dean of the medical school and chair of the board of directors of the NMFF, is not alleged to have participated in any discrimination against Behnia. He is merely alleged to have some knowledge of Shapiro's and Greene's actions from the "notice" given by Behnia of their conduct. Thus, because Behnia has failed to allege any personal involvement by Beaty in the alleged discrimination against Behnia, Count I is dismissed as to Beaty. However, because it is conceivable, though not likely, that Behnia can amend his complaint to allege direct participation by Beaty in the alleged discrimination, Count I is dismissed as to Beaty without prejudice. and Behnia is given leave to amend his complaint in accordance with this opinion.

### C. *Failure to state a claim for age discrimination*

Section 623(a) of the Age Discrimination in Employment Act ("ADEA") provides:

It shall be unlawful for an employer:

1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's age; or

3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a).

■ To prevail on his claim for age discrimination, Behnia must show that he was subjected to adverse employment treatment and that " 'age was a determining factor in the sense that [the employment decision would not have been made] but for the employer's motive to discriminate on the basis of age.' " *Kastel v. Winnetka Bd. of Educ.,* 946 F.Supp. 1329, 1334 (N.D.Ill.1996) (quoting *Oxman v. WLS–TV,* 846 F.2d 448, 453 (7th Cir.1988)). He can establish his claim in one of two ways: by presenting either direct or circumstantial evidence of age discrimination. *Oxman,* 846 F.2d at 452; *Kastel,* 946 F.Supp. at 1334. Behnia has presented no direct evidence of discrimination on the basis of age. Thus, the only way he can prove his claim is through circumstantial evidence.

■ The most common method of proving employment discrimination with circumstantial evidence is the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *See Kastel,* 946 F.Supp. at 1334. Under this method, the plaintiff first must establish a *prima facie* case of age discrimination. *See Denisi v. Dominick's Finer Foods, Inc.,* 99 F.3d 860, 864 (7th Cir.1996). This *prima facie* case establishes a rebuttable presumption of age discrimination. *Id.* Then, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. *Id.* Once the defendant has met this burden of production, the burden shifts back to the plaintiff to prove that the defendant's explanation is merely pretextual. *Id.* However, when analyzing a motion to dis-

miss, the court simply looks to whether the plaintiff has established a *prima facie* case of age discrimination. *Kastel,* 946 F.Supp. at 1334. If so, the plaintiff has stated a claim upon which relief can be granted

■ The plaintiff can state a *prima facie* case of age discrimination if he alleges that (1) he was in the protected class of persons; (2) he was performing his job satisfactorily and meeting the legitimate expectations of his employer, (3) a materially adverse employment action was taken against him; and (4) younger employees were treated more favorably. *See Denisi,* 99 F.3d at 864; *Crady v. Liberty Nat'l Bank & Trust Co.,* 993 F.2d 132, 134 (7th Cir.1993).

■ There is no question that Behnia has satisfied the first two elements of his *prima facie* case. First, Behnia alleges that he is 59 years of age, and therefore is in the protected class of persons (persons between the ages of 40 and 70). (Compl.¶ 24); *see Tice v. Lampert Yards, Inc.,* 761 F.2d 1210, 1212 (7th Cir.1985). Second, Behnia alleges that he has been regularly appointed to leadership positions due to his "high level of competence in teaching, patient care, and scholarship," (Compl.¶ 10), and that he was "the most qualified person in the [d]epartment for any leadership position." (Compl.¶ 14). Thus, Behnia has satisfied the second element of his *prima facie* case by asserting that he was performing his job satisfactorily.

Although Northwestern University concedes that Behnia has established the first two elements of his *prima facie* case, it asserts that Behnia has failed to allege that Northwestern University itself took any adverse employment action against him. Northwestern University contends that if any adverse employment action was taken against Behnia, it was not taken by Northwestern University.

■ A "materially adverse employment action" can include such actions as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to

a particular situation." *Crady,* 993 F.2d at 135. Behnia's main allegations with regard to adverse employment action are centered around salary. (Compl.¶¶ 13–14). He alleges that Shapiro and Greene denied him substantial incentive payments and refused to appoint him to a leadership position, thus ensuring that he would receive a lower salary in comparison with other members of the department. (Compl.¶ 14).

■ Liability under the ADEA is limited to "employers" with twenty or more employees. 29 U.S.C. § 630(b). Additionally, the statute defines "employer" to include any "agent" of such an employer. *Id.; Shager v. Upjohn Co.,* 913 F.2d 398, 404 (7th Cir.1990). Thus, in determining whether or not an employer should be held liable for the acts of its employees, the court looks to the law of agency. *See Meritor Savings Bk., FSB v. Vinson,* 477 U.S. 57, 73, 106 S.Ct. 2399, 2408, 91 L.Ed.2d 49 (1986); *North v. Madison Area Ass'n for Retarded Citizens–Developmental Centers,* 844 F.2d 401, 407 (7th Cir. 1988). Under agency principles, "[t]he deliberate act of an employee acting within the scope of his authority is the act of the employer." *Shager,* 913 F.2d at 404. Consequently, the question is whether Shapiro and Greene, in denying Behnia leadership positions, salary increases, and substantial incentive payments, were agents of Northwestern University acting within the scope of their employment.

According to agency principles, Northwestern University can be held liable for Shapiro's and Greene's actions only if Northwestern University specifically gave Shapiro and Greene either the power to make promotional decisions and salary decisions for the anesthesiology department, or the power to play a substantial role in determining these decisions. *See North,* 844 F.2d at 407. In the absence of such authority, Northwestern University can be held liable for Shapiro's and Greene's allegedly discriminatory actions "only if it knew or should have known of those actions and failed to take reasonable remedial measures." *North,* 844 F.2d at 407 (citing *Hunter v. Allis–Chalmers Corp.,* 797 F.2d 1417, 1422 (7th Cir.1986); *Henson v. City of Dundee,* 682 F.2d 897, 905 (11th

Cir.1982); *Bundy v. Jackson*, 641 F.2d 934 n. 8 (D.C.Cir.1981)).

The connections between Shapiro and Greene and Northwestern University are tenuous, at best. Although the complaint states that "as part of its business," Northwestern University operates and administers Northwestern University Medical School, (Compl.¶ 2), the complaint fails to allege any employer/employee relationship between Shapiro and Greene and Northwestern University itself. The complaint fails to allege that Shapiro and Greene were acting within the scope of their employment as agents of Northwestern University when they made their employment decisions with regard to Behnia. The complaint is devoid of any allegations that Northwestern University, rather than the medical school, provided Shapiro and Greene with the authority to make hiring, promotional, or salary recommendations.

The only allegations with regard to Shapiro and Greene focus on their authority as heads of the anesthesiology department at the medical school. (Compl.¶ 12). It is through these positions that they determined the salary structure for the department, reporting their recommendations to the NMFF. (Compl.¶ 13). It is also through these positions as heads of the department that they determined promotions and appointments to leadership positions within the department. (Compl.¶ 14).

Thus, the complaint does not sufficiently allege that Shapiro and Greene were acting within the scope of their employment as agents of Northwestern University. Nor does the complaint allege that Northwestern University was aware of any racial discrimination on the part of Shapiro and Greene. Thus, the complaint fails to set forth a sufficient allegation of discrimination on the part of Northwestern.

 Behnia also has failed to allege the fourth element of his *prima facie* case, that younger persons were treated more favorably than him. *See O'Connor v. Consolidated Coin Caterers Corp.*, —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996). All the plaintiff is required to do to meet the fourth element of his *prima facie* case of age discrimination is show that a younger person,

whether or not that person is also in the protected class, was treated more favorably. *Id.; Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 943 (7th Cir.1997). Nowhere in Behnia's complaint are any allegations that younger persons were treated more favorably than Behnia, or received the leadership positions that Behnia sought. Throughout the complaint, Behnia alleges only that Shapiro and Greene treated their "friends" more favorably. (Compl.¶¶ 13–14). Behnia also alleges that although he is one of the most "senior" members of the department, his salary is below that of some of the more "junior" members. Because age and years of seniority are "analytically distinct," these allegations fail to show that younger persons were treated more favorably than Behnia. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611, 113 S.Ct. 1701, 1707, 123 L.Ed.2d 338 (1993).

Even under the liberal rules of notice pleading in the federal courts, the plaintiff still must allege all the necessary elements of a particular cause of action. *Hamros v. Bethany Homes & Methodist Hosp. of Chicago*, 894 F.Supp. 1176, 1180 (N.D.Ill.1995). Because Behnia fails to allege the third and fourth elements of his *prima facie* case of age discrimination, Count III is dismissed as to Northwestern University. However, the dismissal is without prejudice, since repleading may cure the deficiency.

### III. *CONCLUSION*

For the foregoing reasons, the court grants defendant Harry Beaty's motion to dismiss Count I and defendant Northwestern University's motion to dismiss Count III of plaintiff Rahim Behnia's complaint. Count I is dismissed as to Beaty and Count III is dismissed as to Northwestern University, both dismissals are without prejudice.