Orlando MATTHEWS, Plaintiff,

v.

MARTEN TRANSPORT, LTD., and Randy Marten, Defendants.

No. 04–C0482–C.

United States District Court, W.D. Wisconsin.

Jan. 31, 2005.

Orlando Matthews, pro se.

Stephen A. Ditullio, Dewitt, Ross & Stevens, Madison, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil suit for monetary damages brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1983 and 1985. Plaintiff Orlando Matthews contends he was subject to race discrimination while employed by the defendant, Marten Transport, Ltd.. Plaintiff filed this action along with a motion to proceed *in forma pauperis* in the United States District Court for the Western District of Tennessee, Western Division on December 4, 2003. The Tennessee court allowed plaintiff to proceed *in forma pauperis* on his claims and then transferred the case to this court pursuant to 28 U.S.C. § 1406(a). Jurisdiction is present. 28 U.S.C. § 1331.

The case is before the court on defendants' motion to dismiss plaintiff's complaint. Defendants' motion to dismiss with respect to plaintiff's Title VII claim against defendant Marten Transport, Ltd.

and plaintiff's claims against both defendants under 42 U.S.C. §§ 1981 and 1985 will be denied because plaintiff's allegations are sufficient to survive the liberal pleading standard of Fed.R.Civ.P. 12(b)(6). With respect to plaintiff's Title VII claim against defendant Randy Marten, defendants' motion to dismiss will be granted because employees and agents of a company cannot be held individually liable under Title VII. Last, defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claim will be granted with respect to both defendants because the discriminatory behavior alleged by plaintiff did not occur under the color of state law.

For the sole purpose of deciding the motion to dismiss, I find that the well-pleaded allegations of plaintiff's complaint fairly allege the following.

## ALLEGATIONS OF FACT

Plaintiff Orlando Matthews is a former employee of defendant Marten Transport, Ltd. Defendant Randy Marten is the Chief Executive Officer of Marten Transport, which has offices in Mondovi, Wisconsin.

Defendants maintain unwritten policies and practices that allow for inadequate vehicle maintenance on company vehicles driven by defendants' African American employees. As a result, at least around November 1, 2002 defendants failed to perform adequate maintenance checks on the company vehicle driven by plaintiff even though plaintiff had previously notified the defendants of the vehicle's defective brakes. Consequently, plaintiff was involved in an accident while driving the defendants' vehicle.

On or about November 11, 2002, defendants further conspired to "shame, ridicule, and embarrass and unjustly terminate" plaintiff from his employment because of his race, under the pretext that plaintiff failed to exercise due diligence in connection with the vehicle accident. Defendants have a practice of company-wide discrimination against African Americans that results in a "much higher rate" of termination for African American employees, as well as less generous compensation, promotions and evaluations.

On December 4, 2003, plaintiff filed his complaint along with a motion to proceed *in forma pauperis* in the United States District Court for the Western District of Tennessee, Western Division. The court granted plaintiff permission to proceed *in forma pauperis* on July 8, 2004. Plaintiff subsequently served defendants with the complaint on August 3, 2004.

## OPINION

### A. *Failure to Timely Serve Defendants*

■ Defendants argue that plaintiff's complaint should be dismissed because plaintiff failed to meet the 120–day timely service requirement of Fed.R.Civ.P. 4(m). In most cases, filing a complaint commences a civil action under Fed.R.Civ.P. 3 and starts the 120–day limitation for serving defendants with the summons and complaint under Rule 4(m). However, in cases in which the plaintiff has requested permission to proceed under 28 U.S.C. § 1915 a different standard is used. Under 28 U.S.C. § 1915(a), the court authorizes the commencement of the suit. However, if the action does not "commence" until after the court decides a plaintiff's motion to proceed *in forma pauperis,* the plaintiff may fail to meet statute of limitation requirements simply because of judicial delay in deciding plaintiff's motion to proceed *in forma pauperis.* On the other hand, if the 120–day limitation of Rule 4(m) is regularly applied and started at the time the complaint is initially filed with the court, the plaintiff's complaint may again be subject to dismissal as a result of judicial delay because the plaintiff cannot

serve the defendants until the court has decided the motion to proceed *in forma pauperis*. The Court of Appeals for the Seventh Circuit has resolved this conflict by holding that an action is "commenced" when the plaintiff initially files the complaint with the court, but that the start of the 120–day limitation of Rule 4(m) does not begin "until the clerk stamps the complaint 'filed' following an order granting *in forma pauperis* status or belated payment of the docket fee." *Williams–Guice v. Board of Educ. of the City of Chicago*, 45 F.3d 161, 162 (7th Cir.1995).

In the present case, plaintiff filed this action and his motion to proceed *in forma pauperis* in the United States District Court for the Western District of Tennessee, on December 4, 2003, thus satisfying the 90–day statute of limitations under 42 U.S.C.2000e–5(f)(1). The court granted plaintiff's motion to proceed *in forma pauperis* on July 8, 2004, thereby starting the 120–day period for service under Rule 4(m). Subsequently, defendants were served with plaintiff's complaint on August 3, 2004, well within the 120–day time period. Plaintiff has timely served the defendants notice with his complaint.

### B. *Failure to State a Claim*

 Defendants argue that plaintiff's claims under Title VII and 42 U.S.C. §§ 1981 and 1985 should be dismissed because plaintiff's complaint does not allege each element necessary to succeed on the claims. In deciding a motion to dismiss for failure to state a claim, a court must construe the complaint liberally in favor of the plaintiff, taking as true all well-pleaded factual allegations and all reasonable inferences which may be drawn from them. *Leahy v. Board of Trustees of Community College Dist. No. 508*, 912 F.2d 917, 921 (7th Cir.1990). A motion to dismiss should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In order to state a claim, the complaint need not contain "all of the facts that will be necessary to prevail." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir.2003). Under Fed.R.Civ.P. 8, the "plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply." *Shah v. Inter–Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir.2002); see also *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) ("[T]here is no requirement in federal suits of pleading the facts or the elements of a claim."). So long as the complaint gives the defendant sufficient notice of the claim to file an answer, it "cannot be dismissed on the ground that it is conclusory or fails to allege facts." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002). However, "the conclusions must provide the defendant with at least minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir.1995), *aff'd McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir.2000). A litigant can plead himself out of court by alleging facts showing that he has no claim. *Id.*; see also *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir.1988) (court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim").

In his complaint, plaintiff has alleged that he and other African Americans are discriminated against on the basis of their race when working for defendants, as evidenced by the disparate level of maintenance performed on vehicles driven by African American employees. According to plaintiff's allegations, such inadequate maintenance of vehicles driven by African Americans results in a hostile work environment for African American employees.

Further plaintiff asserts that defendant Randy Marten conspired with Bill Kennedy to create a hostile work environment for plaintiff because of his race and to unjustly terminate defendant under the pretext of plaintiff's failure to exercise due diligence in connection with plaintiff's vehicle accident. Plaintiff asserts his treatment is not unique and that African Americans are terminated from defendant's business at a "much higher rate" than Caucasian employees, as well as subject to less generous compensation, promotions and evaluations. These allegations are sufficient to meet the liberal pleading standard required of Fed.R.Civ.P. 12(b)(6). Whether plaintiff will be able to make a showing sufficient to establish the existence of the essential elements on which he bears the burden of proof at trial is an appropriate matter for summary judgment, not a Rule 12(b)(6) motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### C. *42 U.S.C. § 1983 Claim*

■■■ Defendants contend that plaintiff's claims under 42 U.S.C. § 1983 should be dismissed because the violations asserted in plaintiff's complaint did not occur under the color of state law. Insofar as plaintiff is asserting a claim under § 1983, defendants are correct that such an action is proper only if the defendants are acting under the color of state law. *Moore v. Marketplace Restaurant*, 754 F.2d 1336, 1352 (7th Cir.1985). To act "'under the color of' state law the defendant either must be an officer of the state or a willful participant in joint action with the state or its agents." *Stagman v. Ryan*, 176 F.3d 986, 1003 (7th Cir.1999). None of the defendants is alleged to be an officer of the state, and plaintiff has not alleged any collaboration between defendants and agents of the state. Therefore, plaintiff will not be allowed to proceed on a claim arising under 42 U.S.C. § 1983.

### D. *Randy Marten as a Proper Defendant to the Title VII Claim*

■■■ Defendants argue that plaintiff's Title VII claim against defendant Randy Marten should be dismissed because Title VII does not impose individual liability on employees and agents of a defendant company. Title VII of the Civil Rights Act of 1964 defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." 42 U.S.C. § 2000e(b). The statute allows recovery only against the employer itself. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Title VII does not create individual liability for either supervisory agents of the employer or owners of the business. *Id.; U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–1282 (7th Cir.1995). Therefore plaintiff cannot proceed under Title VII against defendant Randy Marten because defendant cannot be held individually liable as either a supervisory agent or owner of Marten Transport, Ltd.

### E. *Randy Marten as a Proper Defendant to the 42 U.S.C. § 1981 Claim*

Defendants contend that plaintiff's 42 U.S.C. § 1981 claim against defendant Randy Marten should be dismissed because Randy Marten was not personally involved in the discriminatory behavior alleged by the plaintiff. Plaintiff must make the showing that the individual defendants participated in the alleged discrimination against the plaintiff in order to establish individual liability under 42 U.S.C. § 1981. *See Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir.1985); *see also Behnia v. Shapiro*, 961 F.Supp. 1234, 1237 (N.D.Ill. 1997). Plaintiff has alleged that defendant Randy Marten conspired with Bill Kenne-

dy to terminate plaintiff from his employment because of his race. Therefore, plaintiff has established the requisite showing of direct participation to establish the individual liability of defendant Randy Marten under 42 U.S.C. § 1981.

## ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Marten Transport, Ltd. and Randy Marten is DENIED with respect to plaintiff's claim against defendant Marten Transport, Ltd. under Title VII of the Civil Rights Act of 1964;

2. The motion to dismiss filed by defendants Marten Transport, Ltd. and Randy Marten is GRANTED with respect to plaintiff's claim against defendant Randy Marten under Title VII of the Civil Rights Act of 1964;

3. The motion to dismiss filed by defendants Marten Transport, Ltd. and Randy Marten is DENIED with respect to plaintiff's claims against defendants Marten Transport, Ltd. and Randy Marten under 42 U.S.C. §§ 1981 and 1985; and

4. The motion to dismiss filed by defendants Marten Transport, Ltd. and Randy Marten is GRANTED with respect to plaintiff's 42 U.S.C. §§ 1983 claim against defendants Marten Transport, Ltd. and Randy Marten.