Demetrius L. WILLIAMS, Plaintiff,

v.

Jim DOYLE, Frank Ace, David M. Wolfe, Oskar M. Anderson, Peter Eisch and The State of Wisconsin, Defendants.

No. 06–C–686–C.

United States District Court, W.D. Wisconsin.

May 31, 2007.

---

Jennifer Lattis, Assistant Attorney General, Madison, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

Plaintiff Demetrius Williams brought this civil rights action under 42 U.S.C. §§ 1981, 1983, 2000e and state law. The focus of his complaint is that defendants discriminated against him in his employment because of his race. However, he states also that "this case is being brought pursuant to State claims of slander, breach of employment contract, retaliation, wrongful discharge, and constitutional denial of due process." Cpt. at 2, ¶ 3.

Defendants have moved to dismiss all of plaintiff's claims, with the exception of his claim that defendant David Wolfe treated plaintiff differently because of his race while he was employed at the Wisconsin Department of Justice. Defendants advance a number of arguments in support of their motion, including those related to standing, sovereign immunity, failure to state a claim and qualified immunity.

In response, plaintiff filed a "limited opposition" to defendants' motion to dismiss. In addition, he seeks leave to his amend his complaint to substitute the Department of Justice and the Department of Revenue for the state of Wisconsin and to include allegations that he completed the necessary administrative proceedings before the state Equal Rights Division and the Equal Employment Opportunity Commission before filing suit. Defendants oppose plaintiff's motion for leave to amend his complaint on the grounds of futility and undue delay.

 In his reply brief in support of the motion for leave to amend, plaintiff asks the court to "withhold any rulings" until it receives his motion to compel, which he has not yet filed. It is not clear whether plaintiff's request is limited to his motion for leave to amend or whether it encompasses both pending motions. In any event, the request will be denied because plaintiff offers no justification for a stay. He says only that his motion is "expected to have a direct and positive impact for plaintiff against Defendants' summary judgment motion" (which defendants filed on May 18). This explanation is a non sequitur. Evidence that might assist plaintiff in opposing defendants' motion for summary judgment could have no bearing on defendants' motion to dismiss, because in deciding a motion to dismiss, the court must take the facts as plaintiff has alleged them, not as he has proved them. Even if the additional information plaintiff seeks could support his motion for leave to amend, it is too late to allow plaintiff to supplement that motion.

For the reasons stated below, defendants' motion to dismiss will be granted with respect to all of plaintiff's claims, with the exception of his claims under the equal protection clause and § 1981 that (1) defendants Frank Ace and David Wolfe treated plaintiff less favorably because of his race while he was employed by the Department of Justice; (2) defendants Oskar Anderson, Peter Eisch, Ace and Wolfe withdrew an offer of employment with the Department of Revenue because of his race; and (3) defendants Ace and Wolfe refused to rehire plaintiff at the Department of Justice because of his race. However, because it will not delay the proceedings or unfairly prejudice the parties, I will grant plaintiff's motion for leave to amend his complaint to substitute the Wisconsin Department of Justice and the Department of Revenue for the state of Wisconsin on plaintiff's Title VII claims.

Plaintiff alleges the following facts in his complaint.

## ALLEGATIONS OF FACT

From October 2001 until June 2005, plaintiff Demetrius Williams was employed

by the Wisconsin Department of Justice as an "IS Systems Development Service Senior." Plaintiff was the only African American in the department's "IT area." While working for the department, plaintiff successfully completed a number of projects and never received a negative performance evaluation. Although defendant David Wolfe (the department's application development manager) told plaintiff, "you're a valuable member of the team," Wolfe never gave plaintiff a promotion or provided plaintiff with training aimed at advancing his career. Plaintiff was passed over for promotions and raises multiple times in favor of white candidates.

In February 2005, plaintiff applied for a position in the Wisconsin Department of Revenue as a "systems development specialist and consultant/administrator." After receiving a "promise of a written job offer" from the Department of Revenue, plaintiff submitted his resignation to the Department of Justice. In addition, he provided the Department of Revenue with three references, which did not include defendant Wolfe. Defendant Peter Eisch, the applications development chief for the for the Department of Revenue, commented to plaintiff that his references were "quite a set of admirers."

On May 6, 2005, the Department of Revenue made a formal offer to plaintiff, but he did not accept immediately because he was not satisfied with the proposed salary. The Department of Revenue refused to increase the offer, but plaintiff accepted it anyway on June 13.

On June 22, defendant Eisch withdrew the offer after defendant Wolfe provided a negative reference. Wolfe told Eisch that plaintiff was "hired at a high salary," "slow" and "least productive." Plaintiff was not permitted to respond to Wolfe's allegations, which were all false. When plaintiff sought to return to his job with the Department of Justice, defendant Wolfe told plaintiff the position no longer existed.

Defendant Wolfe made the false statements in an "attempt to frustrate and impede the career progress of plaintiff." Defendants Eisch and Wolfe "conspired ... to end plaintiff's career in State employment" because of his race.

Defendants State of Wisconsin and Jim Doyle have "an unwritten policy and practice of hiring few if any African American employees in its IT departments of the [Department of Justice] and [the Department of Revenue]."

Defendant Frank Ace is the chief information officer for the Department of Justice. Defendant Oskar Anderson is the chief information officer for the Department of Revenue. Both of these defendants knew of the discriminatory actions against plaintiff and failed to stop them.

## OPINION

### A. *Motion to Dismiss*

#### 1. *State law claims*

Defendants seek to dismiss all of plaintiff's state law claims for various reasons, including sovereign immunity, failure to state a claim and failure to file a notice of claim. Whether plaintiff opposes this part of defendants' motion is not clear (an observation that applies, unfortunately, to plaintiff's handling of a great many of the issues that require resolution in this opinion).

In his brief in response to the motion to dismiss, plaintiff says he is withdrawing all of his state law claims. Dkt. # 7, at 10 ("Plaintiff will not maintain its State claims against the State or its officials."). However, he did not delete those claims in his proposed amended complaint. In his reply brief in his support of his motion for leave to amend his complaint, plaintiff appears

to raise this issue again, stating that "the state [law] claims against the individuals should not be dismissed because, they are evidence of malice and recklessness that potentially would nullify any qualified immunity of the defendants in that the acts may strip them of their official or representative character." Dkt. # 26, at 3. This statement is almost impossible to decipher. But plaintiff is wrong if he believes that a state law claim may be maintained simply as "evidence" for another claim or for the purpose of showing that a defendant is not entitled to qualified immunity on a federal claim. Evidence supporting a state law claim could be relevant to a federal law claim as well, but simply having a state law claim adds nothing to the federal claim.

█ To the extent plaintiff intended to keep any of his state law claims, I agree with defendants that he has forfeited them by failing to respond to any of defendants' arguments relating to those claims in the motion to dismiss. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir.2007) (failure to oppose operates as waiver); *Walker v. Mueller Industries, Inc.*, 408 F.3d 328, 330–31 (7th Cir.2005) (concluding that plaintiff had waived or forfeited claim that he failed to mention and at one point had "expressly disavowed"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir.1999) (concluding that plaintiff had "defaulted" when he failed to respond to arguments raised in motion to dismiss).

### 2. *Official capacity claims*

█ With respect to plaintiff's official capacity claims, defendants say that plaintiff has failed to show that he sued the right parties. A suit against a person in his or her official capacity is akin to a suit against the government entity that the defendant represents. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Sovereign immunity does not bar such claims so long as the claim is for prospective relief, including injunctions. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Plaintiff is seeking injunctive relief in the form of reinstatement, but he does not specify in his complaint the parties against whom he is seeking such relief. As noted by defendants, a claim for injunctive relief can stand only against someone who has the authority to grant it. More specifically, the Supreme Court has held that a plaintiff suing a public employee in his official capacity cannot obtain relief unless that defendant has "final policy making authority." *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

Defendants devote almost six pages of their brief to their argument that under state law, final authority lies with the Secretary of Revenue and the Attorney General, neither of whom plaintiff named as a defendant. Plaintiff's response to this is silence. Thus, plaintiff has acquiesced in defendants' position. All of plaintiff's official capacity claims under §§ 1981 and 1983 will be dismissed.

### 3. *Due process claims*

I agree with defendants that plaintiff's due process claims must be dismissed. These claims arise from plaintiff's allegation that defendant Peter Eisch withdrew plaintiff's offer of employment at the Wisconsin Department of Revenue without giving him a chance to defend himself against a negative reference provided by defendant David Wolfe, who was plaintiff's supervisor at the Wisconsin Department of Justice.

█ Under the due process clause, plaintiff is not entitled to *any* procedural protections unless he was "deprive[d]" of "liberty" or "property." U.S. Const. amend. XIV. The loss of a government

job may be a deprivation of property within the meaning of the due process clause when state law provides the employee with a "legitimate claim of entitlement" to his job. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *see also Swick v. City of Chicago,* 11 F.3d 85, 86 (7th Cir.1993) ("When state law confers tenure or some other right on a public employee-confers, that is to say, an entitlement as distinct from merely the hope or expectation that his employer's discretion will be exercised in his favor—the right is considered a form of property of which the employee may not be deprived without due process of law.").

■ Although a "government official's promise" may give rise to due process protections, *Kiddy–Brown v. Blagojevich,* 408 F.3d 346, 360 (7th Cir.2005), an offer and acceptance of employment is not sufficient by itself because employment contracts in Wisconsin are presumed to be at will, meaning that they can be terminated at any time without cause. *Vorwald v. School Dist. of River Falls,* 167 Wis.2d 549, 482 N.W.2d 93 (1992). Due process does not apply unless there is a statute, policy or similar authority requiring good cause before terminating employment. *Pleva v. Norquist,* 195 F.3d 905, 915 (7th Cir.1999) ("property interest attaches only where dismissal from employment is 'for cause,' not where employment is 'at will' ") *See also Miller v. Crystal Lake Park District,* 47 F.3d 865, 867 (7th Cir.1995) ("Statutes and regulations are not the only sources of property, but when they are missing the claimant must supply some equivalent expectancy that was legally enforceable ... such as a mutually binding obligation.").

In this case, defendants point to Wis. Stat. § 230.28(1)(a), which establishes a six-month probationary period for "[a]ll original and all promotional appointments to permanent, sessional and seasonal positions." During a probationary period, "[d]ismissal may be made at any time," *id.,* which suggests that plaintiff could be terminated without cause and that he was not deprived of "property" under the due process clause when defendant Eisch withdrew the offer of employment. *Department of Health and Social Services v. State Personnel Board,* 84 Wis.2d 675, 686–87, 267 N.W.2d 644, 649–50 (1978).

Plaintiff raises no argument in his brief that § 230.28 does not apply to him and he does not point to any other authority that would have required Eisch to have cause in order to withdraw the offer of employment. Plaintiff does make an argument that he had a property interest entitling him to procedural protections, but it is almost impossible to comprehend. In a section of his brief titled "Standing, Stereotypes, Property Interest and Due Process," plaintiff moves abruptly from discussions of racial stereotyping to his claimed damages to the allegedly irrational and arbitrary nature of defendants' actions. However, included in the morass is a reference to the allegation in his complaint that defendants Eisch and Wolfe conspired to end his career and a citation to a Wisconsin Supreme Court decision discussing the requirements of due process in cases in which the government has damaged the plaintiff's reputation. Thus, plaintiff appears to be arguing that he was entitled to a hearing because defendant Wolfe's statements about him hurt his ability to find employment.

■ Plaintiff is at least in the right neighborhood, even if he is mixing up the street names. The due process clause does indeed protect public employees from certain defamatory statements made by their employers. However, the Supreme Court has not recognized these statements as potentially depriving an employee of his property but of his *liberty,* in particular,

his liberty to practice his profession. *Roth,* 408 U.S. at 573, 92 S.Ct. 2701. Further, an employee is not deprived of this liberty unless the stated reasons are so defamatory that they are "likely to make him all but unemployable in the future," *Lawson v. Sheriff of Tippecanoe County,* 725 F.2d 1136, 1138 (7th Cir.1984), at least in the plaintiff's "chosen field." *Boyd v. Owen,* 481 F.3d 520, 524 (7th Cir.2007). More specifically, the reasons must "rise to the level of accusations of criminality, dishonesty or job-related moral turpitude." *Pleva,* 195 F.3d at 915. Not only that, even the most scandalous accusations do not trigger due process protections unless they are disseminated to the public. *RJB Properties, Inc. v. Board of Education of City of Chicago,* 468 F.3d 1005, 1011 (7th Cir.2006).

 Plaintiff does not allege in his complaint that any of the defendants disseminated the negative reference to any members of the public, a pleading deficiency that a recent Supreme Court case suggests might be enough to require dismissal of the claim. *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (concluding that complaint must be dismissed because it did not include facts showing necessary element of claim). However, even if I assume that plaintiff was not required to include that allegation in his complaint, he has pleaded himself out of court because the accusations made against plaintiff do not rise to a level requiring due process. Defendant Wolfe allegedly said that plaintiff was "hired at a high salary," "slow" and "least productive." Although these comments cannot be described as positive, they are not career-ending either. *E.g., Beischel v. Stone Bank School District,* 362 F.3d 430, 439 (7th Cir.2004) (no process required for allegation that employee "demonstrated a pattern of . . . providing misinformation to community and board members so many times now that there is a loss of trust and credibility, not only for the board but a segment of our community as well"). Plaintiff may have lost one job as a result of the negative reference, but that is not enough. *Perry v. Sindermann,* 408 U.S. 593, 599, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) ("plaintiff must show more than that she was not [hired] in one particular job"). If comments such as these required a hearing, this would mean that essentially all negative references required one. *Cf. Ratliff v. City of Milwaukee,* 795 F.2d 612, 625 (7th Cir.1986) ("[A]ny time an employee is involuntarily terminated, some stigma attaches which affects future employment opportunities. This type of harm does not infringe on an employee's protected liberty interests.").

### 4. Discrimination claims

This leaves plaintiff's discrimination claims under the equal protection clause, Title VII, and 42 U.S.C. § 1981. Defendants advance a number of arguments for dismissing all of plaintiff's federal discrimination claims, with the exception of an equal protection claim against defendant Wolfe. First, defendants say that plaintiff did not plead claims under Title VII and 42 U.S.C. § 1981 because plaintiff listed the Fourteenth Amendment only under the section of his complaint titled "Federal Causes of Action." Although defendants acknowledge that plaintiff says in his complaint that the case is "being brought pursuant to" Title VII and § 1981, they argue that plaintiff referred to those statutes "solely for procedural, not substantive, reasons." Dkt. # 6, at 16.

Plaintiff's complaint is not a model of artful pleading, so defendants' reading of the complaint is understandable. However, it makes little sense to assume that plaintiff included § 1981 and Title VII in his complaint for "procedural" reasons only. Violations of the equal protection

clause may not be brought pursuant to § 1981 and Title VII. Although those two statutes have a procedural component, they are for the purpose of enforcing their own substantive requirements, not those of the Constitution, so plaintiff's reference to those statutes is best read as an indication of his intent to assert claims under them. In any event, as defendants concede, plaintiff was not required to identify in his complaint the legal theories under which he was proceeding. *Jogi v. Voges*, 480 F.3d 822, 826 (7th Cir.2007). Because plaintiff makes it clear in his response to defendants' motion to dismiss that he wishes to assert claims under the Constitution and the two statutes, I cannot dismiss his statutory claims simply because he muddled the law in his complaint.

Of course, this is only the first of many hurdles plaintiff must overcome to proceed on his discrimination claims. Defendants argue next that plaintiff has pleaded himself out of court with respect to any race discrimination claim arising out of the withdrawal of the offer of employment at the Department of Revenue. In support, defendants point to paragraph 39 of the complaint, in which plaintiff alleges that defendants Eisch and Wolfe conspired against him "because plaintiff as an African American trying to create a career track to management contested the salary offer of the [Department of Revenue], unlike any other person in the group of minorities that it was hiring." Dkt. # 1, at 8. According to defendants, this means that plaintiff believes he lost the job not because of this race but because his salary demand was too high.

■ Again, this reading of the complaint is not entirely unfair, but I believe it is too narrow, particularly when looking at the complaint as a whole. First, one reading of the complaint is that plaintiff is alleging that African Americans were expected to work for lower salaries than Caucasians and that when he refused to "keep his place" by accepting a lower salary, this contributed to a decision to withdraw the offer. Second, plaintiff includes allegations throughout his complaint that he was denied employment with the Department of Revenue because of his race. Dkt, # 1, at ¶¶ 1, 37. That is sufficient to state a claim for race discrimination.

■ Defendants fault plaintiff for failing to allege that he was treated differently from non-African American applicants who applied to the Department of Revenue, but this overstates what plaintiff has to plead or even prove. Showing better treatment of similarly situated persons outside your group is one way that a plaintiff can show discriminatory intent, but it is not the only way. *E.g., Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80–81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 736 (7th Cir.1994). More important, the Supreme Court has squarely rejected any suggestion that plaintiffs are required to plead particular methods of proof in their complaint. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

a. § 1981 claims

In addition to their more global arguments, defendants seek dismissal of plaintiff's § 1981 and Title VII for reasons specific to those statutes. With respect to § 1981, defendants are correct in stating that success requires proof of a contractual relationship, but they are wrong in arguing that at will employment relationships do not qualify as contracts within the meaning of the statute. In recent years, the court of appeals has held repeatedly that they do. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 398 (7th Cir.2007); *Walker v. Abbott Laboratories*, 340 F.3d 471, 475–77 (7th Cir.2003).

### b. Title VII

Unlike §§ 1981 and 1983, Title VII imposes liability not on the individual who discriminates but on the "employer" under agency principles. Even though Title VII defines "employer" to include both "governments" and "government agencies," 42 U.S.C. § 2000e(b), the court of appeals has held with little discussion that plaintiffs suing state government under Title VII must name as a defendant the particular agency rather than the state. *Holman v. Indiana,* 211 F.3d 399, 401 n. 1 (7th Cir. 2000); *Hearne v. Board of Education of City of Chicago,* 185 F.3d 770, 777 (7th Cir.1999). Plaintiff appears to concede that he may not maintain a Title VII claim against any of the current defendants because he has sought to amend his complaint to substitute the Department of Justice and the Department of Revenue for the state of Wisconsin. I will consider whether such an amendment would be proper in the context of discussing plaintiff's motion for leave to amend his complaint.

### c. State of Wisconsin

Defendants' remaining objections are defendant-specific. With respect to the state of Wisconsin, defendants point out that it cannot be sued under § 1981 or § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Rucker v. Higher Educational Aids Board,* 669 F.2d 1179, 1184 (7th Cir.1982). Plaintiff does not argue to the contrary and has agreed to drop his claims against the state.

### d. Defendant Doyle

 With respect to defendant Doyle, plaintiff alleges only that he has "an unwritten policy and practice of hiring few if any African American employees in its IT departments of the [Department of Justice] and [the Department of Revenue]." Cpt. at ¶ 40. Defendants say that plaintiff has failed to allege that Doyle was personally involved in any of the decisions that affected plaintiff. Although the complaint is not entirely clear on this point, the most logical reading is the one posited by defendants, which is that defendant Doyle did not cause plaintiff to lose his job but only that he has failed to hire a significant number of African Americans. As defendants point out, plaintiff would not have standing to challenge a policy that did not affect him. Although complaints should be construed liberally, plaintiff did not argue in his briefs that his complaint should be read as alleging that defendant discriminated against him personally. Again, plaintiff failed to advance any argument with respect to defendant Doyle. Accordingly, the complaint will be dismissed as to Doyle.

### e. Defendants Anderson and Ace

Defendants seek dismissal of defendants Anderson and Ace (the chief information officers for Department of Revenue and the Department of Justice, respectively) on the ground that plaintiff has failed to allege their personal involvement. But plaintiff alleges that both of them knew about other defendants' discriminatory acts and failed to do anything to stop them. The court of appeals has long recognized that supervisory officials may be held liable under § 1983 if they are aware of constitutional violations committed by their subordinates and fail to intervene. *E.g., Nanda v. Moss,* 412 F.3d 836, 842 (7th Cir.2005); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir.1994). Neither side addresses the question whether § 1981 imposes the same standard, but the court of appeals appears to have adopted a similar standard for both statutes, *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir. 1985) (plaintiff must allege that defendant "participated in" violation of § 1981), and I have assumed this in other cases, *e.g.,*

*Matthews v. Marten Transp., Ltd.*, 354 F.Supp.2d 899, 903 (W.D.Wis.2005). Because neither side provides any reason to question these decisions, I will assume a similar standard for the purpose of defendants' motion to dismiss.

██ Although it appears highly unlikely that plaintiff will be able prove his claim against defendants Anderson and Ace, that is not the standard for determining a motion to dismiss. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"), cited with approval in *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Accordingly, defendants' motion to dismiss will be denied with respect to plaintiff's claims against defendants Anderson and Ace under §§ 1981 and 1983.

### 5. *Qualified immunity*

I need address only briefly the argument that defendants Anderson, Eisch, Ace and Wolfe are entitled to qualified immunity on plaintiff's claims under § 1981 and the equal protection clause. Few rules of law are more clearly established than the one prohibiting race discrimination. If plaintiff is able to prove that defendants discriminated against him, they would not be entitled to qualified immunity.

### 6. *Summary*

After the dust settles, what remains are § 1981 and equal protection claims for race discrimination (1) against defendants Ace and Wolfe for treating plaintiff less favorably while he was employed by the Department of Justice; (2) against defendants Anderson, Eisch, Ace and Wolfe for withdrawing the offer of employment with the Department of Revenue; and (3) against defendants Ace and Wolfe for failing to rehire plaintiff. The remaining question is whether plaintiff may save any other claims by amending his complaint.

### B. *Motion for Leave to Amend*

Plaintiff seeks leave to amend his complaint to make two changes: (1) substitute the Department of Justice and the Department of Revenue for the state of Wisconsin; and (2) add allegations about the administrative proceedings that occurred before plaintiff filed this case. Both of these changes are directed at preserving plaintiff's Title VII claims. The proposed amendment does not address any of the other deficiencies identified in this opinion. (The second change is unnecessary because exhaustion of administrative remedies is normally an affirmative defense, *Jones v. Bock*, —— U.S. ——, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and, in any event, defendants appear to now concede that plaintiff took the necessary steps with the Wisconsin Equal Rights Division and the Equal Employment Opportunity Commission. Therefore, I will focus on the proposed amendment for substitution.)

Defendants oppose plaintiff's motion on the grounds of futility and undue delay. *Sound of Music Co. v. Minnesota Mining & Manufacturing Co.*, 477 F.3d 910, 922–23 (7th Cir.2007) (listing undue delay and futility as grounds for denying leave). First, defendants say that it would be futile to allow plaintiff to amend his complaint to assert a Title VII claim against the departments because he did not file it in this court within 90 days of receiving his right to sue letter, as required by statute. 42 U.S.C. § 2000e–5(f)(1). Of course, there is no dispute that plaintiff did not seek to amend his complaint within the 90 day deadline. The issue is whether the amendment would qualify under Fed. R.Civ.P. 15(c)(3), which allows untimely amendment in order to include a new party when the plaintiff mistakenly named the wrong party, the new claim arises out of

the same facts as an existing claim, the new party knew or should have known the claim would be brought against it and the new party will not be unfairly prejudiced. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir.2000).

Defendants raise several arguments why they believe plaintiff cannot satisfy Rule 15(c)(3). First, they say that plaintiff knew "the role and existence" of the departments when he filed his complaint. Dkt. # 14, at 11. This phrase comes from a footnote in *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000), a case in which the Court considered whether it violated due process to amend a judgment simultaneously with an amendment to the pleadings. In dicta, the Court stated that the amendment at issue would not have satisfied Rule 15(c)(3), because the plaintiff did not make a "mistake. It knew of [the new party's] role and existence and, until it moved to amend its pleading, chose to assert its claim for costs and fees only against" another party. *Id.* at 467, n. 1, 120 S.Ct. 1579.

In my view, the best interpretation of this statement is that a party may not use Rule 15(c)(3) if it makes a strategic decision, or "chooses," not to sue a particular party. It cannot mean simply that a plaintiff is prohibited from adding a party if it was previously aware of that party. This would make the rule a virtual nullity in this circuit, because the court of appeals has held that parties may not use Rule 15(c)(3) to amend their complaints to replace a "John Doe" defendant after they learn the identity of that party. *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir.2006). Thus, under plaintiff's interpretation, Rule 15(c)(3) would be read out of existence because it could not be used to add known parties or unknown ones. Further, if the new party's identity had been a complete mystery before the amendment, it would be unlikely that the plaintiff would be able to satisfy the other requirements of Rule 15(c)(3), which are that the new party had notice of the claim previously and would not be unfairly prejudiced by the amendment.

Rule 15(c)(3) serves as "a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant," *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 560 (7th Cir.1996), which is exactly what happened in this case. Also, defendants concede that the departments participated in the administrative proceedings before plaintiff filed this suit. Nevertheless, they suggest that the departments did not have notice because, when plaintiff filed his complaint "the message that it would have sent to [the departments] was that [plaintiff] had chosen not to sue them as Defendants." Dkt. # 14, at 11. This is a specious argument. Adopting it would mean that *no* plaintiff could satisfy Rule 15(c)(3) because all defendants not named in the complaint initially could say later that they believed reasonably they were off the hook. Rule 15(c)(3) imposes a notice requirement; it does not create a reliance interest for potential defendants "lucky" enough to avoid service at the beginning of a lawsuit.

Defendants advance an alternative argument regarding futility, which is that plaintiff may not be able to satisfy the 90–day deadline even if he receives the benefit of Rule 15(c)(3), but that argument fares no better. Plaintiff had 90 days from the time he received a right to sue letter from the EEOC to file this lawsuit. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir.2001). Plaintiff filed this lawsuit on November 26, 2006. Defendants concede that the certified mail receipts for the right to sue letters indicate October 5 as the date plaintiff received notice, Aff. of Karen Ferguson, dkt. # 10 at ¶ 3, which is

significantly less than 90 days before November 26. Defendants offer no reason to call that date into question.

Defendants raise an undue delay objection as well, which plaintiff calls "the epitome of naked purple pomposity." Dkt. # 26, at 5. Although the exact meaning of plaintiff's characterization is somewhat elusive, I gather that he disagrees with defendants' assessment regarding timeliness. But plaintiff cannot deny that he failed to file his motion until after March 30, which was the deadline imposed by the preliminary pretrial conference report for filing an amended complaint. Further, plaintiff's suggestion that part of the blame falls on defendants for not filing the motion to dismiss sooner is misplaced. It is plaintiff's, not defendants', responsibility to identify and cure potential deficiencies in the complaint in a timely manner.

██ Nevertheless, I will grant plaintiff leave to add the departments as parties because doing so should cause neither delay in the proceedings nor unfair prejudice to defendants. Substituting the departments for the state is almost entirely a technical change; it does not alter the substance or nature of plaintiff's claims. Plaintiff has not added or changed his allegations of discrimination against individuals; he simply seeks to hold the proper entity liable for those acts of discrimination.

██ Perhaps recognizing that any argument of prejudice is weak, defendants focus primarily on the question of undue delay. But "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir.2004). Defendants make a weak attempt to show prejudice, arguing that the case will be greatly disrupted and brought to a halt if plaintiff is allowed to amend his complaint, but the argument is not persuasive.

Allowing amendment should have little if any effect on the case schedule. I will give plaintiff one week to file and serve an amended complaint that substitutes the Wisconsin Department of Revenue and the Wisconsin Department of Justice for the state of Wisconsin and that deletes all of the claims that I found to be deficient in the original complaint. (Obviously, it would be futile to allow plaintiff to re-file claims identical to those I have already dismissed.) Because the substance of plaintiff's allegations are the same and the departments will almost certainly be represented by the same counsel as the other defendants, defendants need not file a new answer if they do not wish. Instead, they may stand on the answer they filed to the original complaint.

Finally, allowing amendment should not affect the motion for summary judgment filed by defendants on May 18. Defendants wisely addressed plaintiff's Title VII claims in their motion for summary judgment and the arguments defendants raise are not affected by the substitution. *E.g.,* Dfts.' Summ. J. Br., dkt. # 17, at 15–16 (arguing that Title VII claims fail for the same reasons as equal protection claims). The court will request additional briefing if it determines that it is needed.

### ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Jim Doyle, Frank Ace, David Wolfe Oskar Anderson, Peter Eisch and the state of Wisconsin is GRANTED IN PART and DENIED IN PART.

2. The complaint is DISMISSED with respect to all of plaintiff Demetrius Williams's claims with the exception of his

claims under the equal protection clause and § 1981 that (1) defendants Ace and Wolfe treated plaintiff less favorably because of his race while he was employed by the Department of Justice; (2) defendants Anderson, Eisch, Ace and Wolfe withdrew an offer of employment with the Department of Revenue because of his race; and (3) defendants Ace and Wolfe refused to rehire plaintiff at the Department of Justice because of his race.

3. Defendants Wisconsin and Doyle are DISMISSED from the case.

4. Plaintiff's motion for leave to amend his complaint is GRANTED IN PART. Plaintiff may have until June 8, 2007, in which to file and serve a complaint that deletes the claims that were dismissed in this order and that adds claims under Title VII that (1) the Wisconsin Department of Justice treated plaintiff less favorably and refused to rehire him because of his race; and (2) the Wisconsin Department of Revenue withdrew its offer of employment because of plaintiff's race. Defendants may have until June 15, 2007, in which to inform the court that they wish to adopt their original answer as the answer to the amended complaint or to file an amended answer.